690 So.2d 610 (1997)
Victoria PASSERRELLO, Appellant,
v.
ROBERT L. LIPTON, INC. and Robert L. Lipton, collectively d/b/a Lipton Toyota, and Capital Bank, Appellees.
No. 96-1459.
District Court of Appeal of Florida, Fourth District.
February 5, 1997.
Rehearing and Clarification Denied April 18, 1997.
*611 Jerard Clifford Heller, Fort Lauderdale, for appellant.
Joseph L. Schneider and Charles F. Otto, Jr., of Joseph L. Schneider, P.A., Hollywood, for Appellee-Capital Bank.
Les Stracher and Mark Atlas of Stracher & Harmon, P.A., Fort Lauderdale, for Appellees Robert L. Lipton, Inc., and Robert L. Lipton.
KLEIN, Judge.
After buying a used car from Lipton Toyota, plaintiff filed this lawsuit alleging statutory false advertising and deceptive trade practices based on a claim that the dealer had misrepresented that the vehicle had never been in an accident. She named the bank that financed the transaction a defendant on the ground that the financing contract provided that the bank was "subject to all claims and defenses" which plaintiff could assert against the dealer. She appeals an order requiring her to arbitrate, which we affirm.
The purchase contract provided for arbitration of "any controversy or claim arising out of or relating to this contract, or the breach thereof...." Plaintiff's first argument is that because her claim is essentially fraud in the inducement to enter into the contract, the arbitration provision does not control. It is well settled, however, that where the entire agreement is alleged to have been fraudulently induced, not the arbitration provision itself, the entire matter is to be resolved by arbitration. Manning v. Interfuture Trading, Inc., 578 So.2d 842 (Fla. 4th DCA 1991); Ronbeck Constr. Co. v. Savanna Club Corp., 592 So.2d 344 (Fla. 4th DCA 1992); Medident Constr., Inc.. v. Chappell, 632 So.2d 194 (Fla. 3d DCA 1994).
Plaintiff alternatively argues that she is not required to arbitrate with the bank because there is no arbitration provision in the financing contract, which was executed by plaintiff and the dealer at the same time as the purchase contract and assigned to the bank. We rejected that argument in a case involving identical facts, Morse Operations, Inc. v. Sonar Radio Corp., 449 So.2d 1002 (Fla. 4th DCA 1984). Plaintiff herself acknowledges that both the claim against the dealer and the claim against the bank should be litigated in the same forum, and where, as here, there is no independent wrongdoing alleged against the bank, that forum should be the one which the parties selected in the purchase contract.
Affirmed.
FARMER and SHAHOOD, JJ., concur.