ON MOTION FOR REHEARING

PER CURIAM.
The motion for rehearing based on conflict with Passerrello v. Robert L. Lipton, Inc., collectively, d/b/a Lipton Toyota, Capital Bank, 690 So.2d 610 (Fla. 4th DCA 1997), is denied. In Passerrello, the third party who was seeking to arbitrate under the sales agreement between the buyer and seller was the bank that financed the purchase. While the bank was not a party to the sales contract, the contract stated that it would not take effect until it was approved by the bank, and further stated that the bank was entitled to assert any claims or defenses which the buyer could assert. That language was sufficient to support the panel’s finding that the bank was an intended beneficiary of the sales agreement and the arbitration clause contained therein.
In the instant case, as the original opinion noted, there was no evidence that Phoenix American was an intended beneficiary of the contract containing the arbitration clause.
STONE, WARNER and POLEN, JJ., concur.