PER CURIAM.
We affirm the May 7 and May 15, 1997 orders which compel arbitration. Based on the record before it, the trial court properly determined that there was no fraud pertaining to the inclusion of .the arbitration clause in the Standard Form of Agreement Between Owner and Architect. See Passerrello v. Robert L. Lipton, Inc., 690 So.2d 610 (Fla. 4th DCA 1997); Ronbeck Constr. Co. v. Savanna Club Corp., 592 So.2d 344, 347 (Fla. 4th DCA 1992). Appellants’ theory of mutual mistake as a basis for rescission was not raised below and therefore cannot be raised on appeal. See Kozich v. Hartford Ins. Co., 609 So.2d 147, 148 (Fla. 4th DCA 1992). The slander of title and fraudulent hen claims were “[c]laims, disputes or other matters in question” that arose out of or “related to” the written contract between the parties. See Advantage Dental Health Plans Inc. v. Beneficial Adm’rs Inc., 683 So.2d 1133, 1134 (Fla. 4th DCA 1996); Royal Caribbean Cruises, Ltd. v. Universal Employment Agency, 664 So.2d 1107 (Fla. 3d DCA 1995). Appellees’ filing of a counterclaim to foreclose its hen did not constitute a waiver of its right to arbitrate. See McDaniel v. Berhalter, 405 So.2d 1027 (Fla. 4th DCA 1981); Concrete Design Structures, Inc. v. P.L. Dodge Found., Inc., 532 So.2d 1334 (Fla. 3d DCA 1988).
AFFIRMED.
GUNTHER, SHAHOOD and GROSS, JJ„ concur.