709 So.2d 1384 (1998)
JOSEPHTHAL LYON & ROSS, INC., and Steven Oates, Appellants,
v.
C & A FINANCIAL PROGRAMS, INC., a Florida corporation, Appellee.
No. 98-1089.
District Court of Appeal of Florida, Fourth District.
May 20, 1998.
Robbie D. Lake Mayer and Ronald D. Shindler of Fowler, White, Burnett, Hurley, Banick & Strickroot, P.A., Miami, for appellants.
No appearance required for appellee.
PER CURIAM.
This is an appeal of an order denying a motion to compel arbitration. Appellant moved for a rehearing on the matter, which the trial court denied. Appellant filed this appeal within 30 days of the order denying rehearing but more than 30 days after the order denying arbitration. We dismiss the appeal because the order denying arbitration is non-final, as to which the motion for rehearing was unauthorized, and therefore the appeal is untimely. See Fla.R.App.P. 9.020(g); Wagner v. Bieley, Wagner & Assoc. Inc., 263 So.2d 1 (Fla.1972); Smith v. Weede, 433 So.2d 992 (Fla. 5th DCA 1983); and Potucek v. Smeja, 419 So.2d 1192 (Fla. 2nd DCA 1982).
DELL and POLEN, JJ., concur.
FARMER, J., dissents with opinion.
FARMER, Judge, dissenting.
In Alphagraphics Franchising, Inc. v. Stebbins, 617 So.2d 463, 464-468 (Fla. 4th DCA 1993) (Farmer, J., dissenting), I wrote that I do not believe that orders denying arbitration are encompassed by rule 9.130(a)(3)(C)(v). See Fla. R.App. P. 9.130(a)(3)(C)(v) (orders that determine "the entitlement of a party to arbitration"). As I read the rule, the only arbitration order subject to non-final review is an order determining that a party is entitled to arbitration. An order denying arbitration is not encompassed by the text of the rule.
In this case the arbitration agreement is contained in a customer's account agreement with a securities dealer whose principal office and place of incorporation are outside of Florida. Hence the agreement to arbitrate is in interstate commerce. As in Alphagraphics, the arbitration agreement is therefore covered by the United States Arbitration Act [USAA]. See 9 U.S.C. §§ 1-16 (1990). Under USAA, orders denying arbitration are placed on a different footing than orders granting arbitration. See USAA § 16, 9 U.S.C. § 16. Orders granting arbitration in the circumstance presented here are not appealable until the end of arbitration, while orders denying arbitration are immediately appealable.
I have rethought this situation since I wrote in Alphagraphics and have concluded that orders denying arbitration in cases arising under USAA are of a different character than those arising under Florida law. I understand the federal statute to create a right to immediate appellate review of the denial of arbitration. A denial of a motion to compel arbitration before trial can be, to my mind, a final determination on the right to arbitration. In my opinion, such orders are final. Accordingly they should be subject to motions for rehearing under rule 1.530, which if timely served suspend rendition until the question of rehearing is determined.
Applying that logic here, the appeal is properly designated as a final appeal and was timely brought. I therefore dissent from the dismissal of the appeal.