885 So.2d 990 (2004)
PALM BEACH MOTOR CARS LIMITED, INC., Appellant,
v.
Roxanne JEFFRIES, Appellee.
No. 4D03-4326.
District Court of Appeal of Florida, Fourth District.
November 3, 2004.
*991 Hinda Klein and Jeffrey A. Blaker of Conroy, Simberg, Ganon, Krevans & Abel, P.A., West Palm Beach, for appellant.
Raymond G. Ingalsbe of Raymond G. Ingalsbe, P.A., Palm Beach Gardens, for appellee.
WARNER, J.
Palm Beach Motor Cars appeals the trial court's order denying its motion to compel arbitration. The trial court found the arbitration provision both procedurally and substantively unconscionable. Because we agree that elements of both are present, we affirm.
Roxanne Jeffries sued Motor Cars for fraud, deceptive and unfair trade practices, and civil theft after the used Jaguar convertible she purchased from the dealership began to exhibit severe mechanical defects. Motor Cars filed a motion to compel arbitration in accordance with the sales contract. The arbitration clause was contained on the second page of a two-page purchase agreement (printed on both sides of one sheet of paper) entitled "Buyer's Order Form." The first page listed information about the buyer and the car and a breakdown of the purchase price. At the bottom of the form in the smallest type present on the page, much smaller than the rest of the type, is the following language:
The front and back of this Order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or will be recognized. I hereby certify that no credit has been extended to me for the purchase of this motor vehicle except as appears in writing on the face of this agreement. I have read the matter printed on the back hereof and agree to it as a part of this order the same as if it were printed above my signature. I certify that I am of legal age, and hereby acknowledge receipt of a copy of this order.
Included in the last paragraph on the back of the form is an agreement to binding arbitration of all disputes that the purchaser has with Motor Cars. However, the paragraph states that Motor Cars is not required to arbitrate any disputes with respect to collection of amounts due under the contract or any effort by Motor Cars to recover possession of any vehicle sold or leased under the contract. Beneath this paragraph is a space for the buyer to place his or her initials. This space was left blank on the parties' purchase agreement.
At a hearing on the motion to compel, Jeffries testified that she had signed about a dozen papers associated with the purchase and was directed where to sign on each page. She did not read all the documents entirely but had an understanding that each purported to be what its title indicated. The only portions of the purchase agreement that she read or discussed with Motor Cars employees related to financial disclosures. She did not realize that there was a back side to the purchase agreement, and she never turned the form over.
Depositions of the sales manager of Motor Cars and the salesman involved in this sale were submitted. Each testified that they did not know about arbitration, nor is arbitration ever mentioned to the customer. They do not turn over the purchase agreement to show customers that there is a reverse side to the document. Thus, the back side is not initialed by the purchaser.
In denying the motion to compel arbitration, the court found that the clause was procedurally unconscionable because the print alerting the purchaser to additional terms on the back of the agreement, including the arbitration clause, was the smallest print on the page and so small as not to bring its attention to the reader. *992 The court believed Jeffries when she testified that she was not even aware of the terms on the back of the purchase agreement. Her testimony was substantiated by the Motor Cars employees' testimony that they would not have alerted Jeffries to the terms on the back page of the agreement.
The court found the arbitration clause substantively unconscionable because it precludes the possibility that Motor Cars would ever be exposed to punitive damages and insulates it from liability under state consumer laws. The court also found that the arbitration clause was unilateral because it required Jeffries to arbitrate all her claims but did not require Motor Cars to arbitrate all its claims.
Florida courts may decline to enforce an arbitration agreement on the ground that it is unconscionable. Powertel, Inc. v. Bexley, 743 So.2d 570, 574 (Fla. 1st DCA 1999). In order to invalidate an arbitration clause, the court must find that it is both procedurally and substantively unconscionable. Stewart Agency, Inc. v. Robinson, 855 So.2d 726, 727 (Fla. 4th DCA 2003). "Procedural unconscionability relates to the manner in which the contract was entered and involves such issues as `the relative bargaining power of the parties and their ability to know and understand the disputed contract terms.'" Id. at 727-28 (quoting Powertel, 743 So.2d at 574). "Substantive unconscionability focuses on the actual agreement and whether the terms are unreasonable and unfair." Id. at 728 (citations omitted).
Motor Cars challenges the trial court's determination that the arbitration clause is substantively unconscionable. We agree that the court erred in concluding the clause limited the remedies available to Jeffries, excluded punitive damages, or prevented her from seeking equitable relief from the arbitrators, as the arbitration provision did not include any such limitations. See id. There also was no evidence supporting the court's determination that arbitration would involve substantial costs. See id. (finding there was insufficient evidence to support trial court's conclusion that arbitration clause was unconscionable due to its cost where the record did not contain evidence that arbitration would have been prohibitively expensive for plaintiff). However, the court also relied on that portion of the arbitration clause that bound Jeffries to arbitrate all her disputes, while Motor Cars was not required to arbitrate all its claims. Where one party is bound to arbitration of its claims but the other is not, there can be substantive unconscionability. See Bellsouth Mobility LLC v. Christopher, 819 So.2d 171, 173 (Fla. 4th DCA 2002). Therefore, some substantive unconscionability was present in the arbitration agreement in this contract.
Motor Cars does not argue the absence of procedural unconscionability except to say that there was none. The facts of this case, however, belie its position. Here, the only reference to the terms on the back of the agreement, where the arbitration provision is printed, appear in the smallest type on the page and are barely readable. Motor Cars employees admitted that they did not alert Jeffries to the provisions on the back of the agreement and did not have her initial the back, even though there was a place provided for the buyer's initials. Had they required her initials where designated, it would have called her attention to the terms on the back page. While it was not necessary to call her attention to all of the individual terms of the agreement, the organization of the contract provisions; the exceptionally small size of the type of the provision alerting the customer to the terms on the back of the agreement; the lack of initials *993 on the back page of the agreement; and the customary practice of the employees in not calling attention to the provisions on the back of the form all provide evidence that Motor Cars actively discouraged and/or prevented the purchaser from knowing and understanding the disputed contract terms. See Powertel, 743 So.2d at 574.
We conclude that both procedural and substantive unconscionability were present in the contract and its execution respecting the arbitration clause, and the court did not err by denying the motion to compel arbitration.
Affirmed.
STONE, J., and BRYAN, BEN L., JR., Associate Judge, concur.