921 So.2d 854 (2006)
Anita WEGNER, Jack Greenman, and Dr. Steven Scott, Appellants,
v.
Jeffrey SCHILLINGER, Appellee.
No. 4D05-3640.
District Court of Appeal of Florida, Fourth District.
March 8, 2006.
*855 William R. Scherer, Jr. and James F. Carroll of Conrad & Scherer, LLP, Fort Lauderdale, for appellants.
Philip M. Burlington of Burlington & Rockenbach, West Palm Beach, Ron Bradley Kurtz of Law Offices of Ron Bradley Kurtz, P.A., Fort Lauderdale, and Barry S. Pollack of Sullivan & Worcester, LLP, Boston, Massachusetts for appellee.
GROSS, J.
This is an appeal from an order denying a motion to compel arbitration. We dismiss the appeal because it is untimely.
On June 5, 2002, appellees filed a complaint giving rise to this appeal. In response, some defendants filed a motion to refer the matter to mediation and arbitration. The motion was based on contracts that provided that disputes would be resolved by submitting them "first to mediation and second to arbitration." The trial court never ruled upon the motion.
On September 17, 2004, appellees filed an amended complaint. On November 23, 2004, appellants moved to dismiss the complaint on various grounds, including the failure to attach a shareholder agreement to the pleading. At the same time, appellants filed a renewed motion to "refer matter to mediation and arbitration." The trial court denied the renewed motion on January 24, 2005.
On May 20, 2005, the trial court denied the motion to dismiss the amended complaint.
On July 14, 2005, the appellants filed a "Renewed Motion of Defendants . . . to Refer the Matter to Arbitration, or in the alternative, Motion for Reconsideration." The basis of the July 14 motion was the same as that of the November 23, 2004 motion seeking mediation and arbitration. On August 10, 2005, the trial court denied this motion. On September 9, 2005, appellants filed a notice of appeal directed at the August 10 order.
An order denying arbitration is appealable as a non-final order that determines "the entitlement of a party to arbitration" under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv). Jurisdiction to review the order is invoked by filing a notice of appeal "within 30 days of rendition of the order to be reviewed." Fla. R.App. P. 9.130(b).
Florida law does not authorize multiple motions to compel arbitration. Section 682.03(1), Florida Statutes (2005), authorizes an "application to the court" to proceed with arbitration, not applications. (Emphasis added). Because an order denying a motion to compel arbitration is non-final, a motion for rehearing or reconsideration is not authorized. See Josephthal Lyon & Ross, Inc. v. C & A Fin. Programs, Inc., 709 So.2d 1384 (Fla. 4th DCA 1998).
Appellants had 30 days from January 24, 2005 to appeal the order denying their motion to compel arbitration. The pendency of a motion to dismiss did not toll the time for filing the notice of appeal. Appellants cannot avoid the consequences of their failure to appeal the January 24 order and revive their right to appeal by filing a renewed motion for arbitration after the time to appeal has expired.
The non-final appeal is dismissed.
STONE and MAY, JJ., concur.