944 So.2d 1131 (2006)
Erin MURPHY, Appellant,
v.
COURTESY FORD, L.L.C., a Florida Limited Liability Corporation d/b/a "World Ford Kendall," Appellee.
No. 3D05-1896.
District Court of Appeal of Florida, Third District.
December 6, 2006.
*1132 Samuel M. Spatzer, Coral Gables; Jay M. Levy, Miami, for appellant.
Goldsmith & Atlas, and Mark Atlas, Miami, for appellees.
Before GREEN, RAMIREZ, and LAGOA, JJ.
RAMIREZ, J.
Erin Murphy, the consumer/buyer, appeals the trial court's non-final order compelling arbitration of her damages claim against the seller, Courtesy Ford, L.L.C., a Florida Limited Liability Corporation d/b/a "World Ford Kendall". She also appeals the trial court's order denying her motion for rehearing. We affirm both orders, finding that Murphy is required to arbitrate her dispute with Courtesy Ford.
Erin Murphy, who was nineteen years old at the time, came into Courtesy Ford to buy a used Ford F-150 pick-up truck. During the course of the purchase and sale transaction with Courtesy Ford's staff, Murphy knew she was signing legal documents. She did not read the sale and purchase documents. She neither asked any questions regarding the sale and purchase documents, nor raised any objection to their execution. The first time Murphy objected to any of the terms of the contract was after her car was repossessed.
The buyer's purchase order provides a warning statement printed in red ink on the front side of the document, immediately above the buyer's signature. This warning advises the buyer of the significance of the provisions printed and completed on both the front and back sides of the document. It states:
The front and back of this Order comprise the entire agreement affecting this purchase and no other agreement or understanding of any nature concerning same has been made or entered into, or *1133 will be recognized. I have read the matter printed on the back hereof and agree to it as a part of this order the same as if it were printed above my signature. I certify that I am 18 years of age, or older, and hereby acknowledge receipt of a copy of this order.
In sum, the purchase order notifies the consumer in three different paragraphs to read the reverse side of the purchase order. It also states in big black letters, "READ CONDITIONS ON REVERSE SIDE." The subject arbitration agreement clause, paragraph 12, was contained on the reverse side of the buyer's purchase order, in the same size type-face as all the other terms.
Murphy sued Courtesy Ford for damages under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statute, sections 501.201, et. seq. Courtesy Ford filed a motion to stay proceedings and compel arbitration, which the trial court granted. Murphy then appealed this non-final order. She also filed in the trial court a motion for a rehearing which was heard after this Court temporarily relinquished jurisdiction of the appeal.
At the evidentiary hearing in the trial court on Murphy's motion for rehearing, Courtesy Ford established it did not actively discourage or prevent Murphy from knowing and understanding the disputed contract terms. Murphy admitted there was nothing preventing or blocking her from reading the documents; no one prevented her from reading the documents before she signed them; she did not ask for more time to review the documents or review them in more detail; she did not object to signing any of the documents; she did not ask any questions about the documents; she knew the documents were legal documents when she signed same; she simply chose not to read the documents; and the first time she objected to any of the terms of the contracts was after her car was repossessed. She also admitted that she received a copy of the buyer's purchase order at the time of purchase, but she never reviewed it. The trial court, thus, reaffirmed its initial ruling. Murphy then appealed. We now affirm, finding that the trial court properly found that the arbitration agreement was enforceable.
First, the arbitration clause in the buyer's purchase order applies to Murphy's claim under the FDUTPA. There are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute, under federal statutory provisions and Florida's arbitration code: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived. Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999).
The test for determining arbitrability of a particular claim under a broad arbitration provision is whether a "significant relationship" exists between the claim and the agreement containing the arbitration clause, regardless of the legal label attached to the dispute. Id. 637-38. See also Passerrello v. Robert L. Lipton, Inc., 690 So.2d 610 (Fla. 4th DCA 1997)(applying arbitration agreements to deceptive trade practice and fraud claims). In addition, Florida public policy favors resolving disputes through arbitration when the parties have agreed to arbitrate. Orkin Exterminating Co. v. Petsch, 872 So.2d 259, 263 (Fla. 2d DCA 2004). All doubts regarding the scope of an arbitration agreement must be resolved in favor of arbitration. Qubty v. Nagda, 817 So.2d 952, 956 (Fla. 5th DCA 2002). Furthermore, Florida case law is clear that FDUTPA claims can properly be submitted to arbitration. Orkin Exterminating Co., 872 So.2d at 261; Aztec Med. Servs., Inc. v. Burger, 792 So.2d 617, 620 (Fla. 4th DCA 2001). And *1134 finally, we review a court's ruling on a motion to compel arbitration de novo. Orkin Exterminating Co., 872 So.2d at 261.
Passerrello, 690 So.2d at 610, cited by Courtesy Ford, is directly on point with the case before us. Faced with similar facts, the Fourth District Court held in Passerrello that a used car buyer was required to arbitrate her dispute with the bank even though the arbitration clause was contained in the purchase contract and not in the finance contract. Id. at 611. See also Morse Operations, Inc. v. Sonar Radio Corp., 449 So.2d 1002 (Fla. 4th DCA 1984)(where the arbitration clause was contained in the buyer's order and not in the finance or installment sale contract).
Here, Murphy's causes of action are tied directly to the purchase of the vehicle. Because her claims involve the contractual agreement, the trial court was correct in finding there was a significant relationship between her claims and the buyer's order which contained the arbitration clause. Passerrello, 690 So.2d at 611. The trial court properly applied the test for determining arbitrability to the facts of the case and was correct in finding that the arbitration agreement contained within the purchase contract was enforceable.
Furthermore, we find that the trial court was correct in finding that Murphy failed to make a sufficient showing of unconscionability required to overturn the arbitration agreement. To invalidate a contract under Florida law, a court must find that the contract is both procedurally and substantively unconscionable. Powertel, Inc. v. Bexley, 743 So.2d 570, 574 (Fla. 1st DCA 1999). The party seeking to avoid the arbitration provision has the burden to establish unconscionability. Gainesville Health Care Ctr., Inc. v. Weston, 857 So.2d 278, 288 (Fla. 1st DCA 2003).
To determine whether a contract is procedurally unconscionable, a court must look to the manner in which the contract was entered into and consider factors such as whether the complaining party had a meaningful choice at the time the contract was entered into. Id. at 284. Courts consider "whether the complaining party had a realistic opportunity to bargain regarding the terms of the contract or whether the terms were merely presented on a `take-it-or leave-it' basis; and whether he or she had a reasonable opportunity to understand the terms of the contract." Id. In Florida, a party to a contract is not "permitted to avoid the consequences of a contract freely entered into simply because he or she elected not to read and understand its terms before executing it or because in retrospect, the bargain turns out to be disadvantageous." Id. at 288. As the First District Court of Appeal stated in Weston, "[t]o sanction such a result would be to render contracts worthless as a tool of commerce." Id.
In Palm Beach Motor Cars Ltd., Inc. v. Jeffries, 885 So.2d 990 (Fla. 4th DCA 2004), a buyer sought to have an arbitration agreement in a purchase agreement declared unenforceable on the grounds that it was unconscionable. The Fourth District Court of Appeal held that the arbitration provision in the purchase agreement between the automobile buyer and the automobile dealership was procedurally unconscionable. Id. at 991. The arbitration provision in that case was located on the back of the agreement. There was language on the front of the agreement alerting the buyer to the terms on the back which was in the smallest print on the page. Id. The automobile dealer's employees testified that it was not their practice to inform customers of terms on the back of the agreement or of the arbitration *1135 provision, and they did not inform the buyer of these terms. Id.
The trial court properly distinguished the facts in Jeffries from the facts in the case before us, finding that Murphy failed to establish procedural unconscionability. In particular, the trial court found that the arbitration agreement was not procedurally unconscionable because the agreement appeared in the same type-face as did the rest of the provisions of the purchase contract, the contract was signed by Murphy, and there was no evidence indicating that Courtesy Ford actively discouraged or prevented Murphy from knowing and understanding the disputed contract terms.
The trial court reviewed all of Murphy's allegations and evidence relating to procedural unconscionability and properly found that her allegations and evidence were insufficient to demonstrate that the arbitration agreement was procedurally unconscionable. Murphy cannot avoid her contractual responsibility simply because she chose not to review the terms of her agreement. Thus, she failed to carry her burden of establishing procedural unconscionability. Consequently, we need not decide whether it was substantively unconscionable. See Weston, 857 So.2d at 288 (where the party fails to establish procedural unconscionability, the court need not decide whether the arbitration provision is also substantively unconscionable).
Accordingly, we affirm the trial court's order granting Courtesy Ford's motion for stay of proceedings and to compel arbitration, as well as the trial court's order denying Murphy's motion for rehearing.
Affirmed.