On Motion to Dismiss

FARMER, J.
We have in hand a non-final appeal of an order relating to arbitration. Specifically the order denied a motion to compel arbitration and to stay litigation in court pending the appeal. For the reasons expressed, we grant appellee’s motion to dismiss the appeal without prejudice to initial review of the order denying arbitration on appeal from the final judgment in the cause.[1]
This case began more than 5 years ago with the filing of a complaint for a declaratory judgment and breach of contract. Plaintiff claimed to represent a class of defendant’s policy holders — making appropriate class action allegations. Another plaintiff was added one year later. In August 2002 defendant moved to compel arbitration and to abate the action in court. Several months later, the trial court held a hearing on the motion. On December 4, 2002, the trial court ruled that the arbitration provision was substantively unconscionable and that by active participation in the action defendant had waived its right to compel arbitration. Defendant did not appeal the order. Several weeks later, the trial court certified the class, and defendant did appeal the class certification order to this court. We affirmed certification under rule 1.220(b)(3) but reversed as to rule 1.220(b)(2). Freedom, Life Ins. Co. of America v. Wallant, 891 So.2d 1109 (Fla. 4th DCA 2004). Four months after our mandate issued on that appeal, defendant again sought to have the trial court compel arbitration. That motion was denied on October 30, 2006, and defendant has since appealed the second denial of its attempts to compel arbitration. See Fla. R.App. P. 9.130(a)(3)(C)(4) (court has jurisdiction to review non-final orders that determine “the entitlement of a party to arbitration”).
Relying on our recent decision in Wegner v. Schillinger, 921 So.2d 854 (Fla. 4th DCA 2006), plaintiffs now move to dismiss this appeal, arguing that the present circumstances are “virtually identical” to those in Wegner. The essential procedural facts are indeed strikingly alike, except that the time line in Wegner is more compressed than here. The interval between the first attempt to have arbitration in Wegner and the second was just eight months. Here the first motion to compel arbitration was denied four years before the second denial of arbitration. Of course, in this case, in between the first and second denials of arbitration there is the order of class certification and a consequent appellate affirmance of the order upholding the class. If anything these facts counsel even more strongly for the Wegner holding
In Wegner we explained:
“Florida law does not authorize multiple motions to compel arbitration. Section 682.03(1), Florida Statutes (2005), authorizes an ‘application to the court’ to proceed with arbitration, not applications .... Because an order denying a motion to compel arbitration is non-final, a motion for rehearing or reconsideration is not authorized. See Josephthal Lyon & Ross Inc. v. C & A Fin. Programs Inc., 709 So.2d 1384 (Fla. 4th DCA 1998).
*18 Appellants had 30 days from January 24, 2005 to appeal the order denying their motion to compel arbitration. The pendency of a motion to dismiss did not toll the time for filing the notice of appeal. Appellants cannot avoid the consequences of their failure to appeal the January 24 order and revive their right to appeal by filing a renewed motion for arbitration after the time to appeal has expired.”
921 So.2d at 855. In addition to those reasons, we add the strong policy against piecemeal appeals. Multiple attempts to compel arbitration followed by an attempt at interlocutory review at the end of the chain suffers from being even more unjustifiable bit-by-bit review. Moreover, the essential nature of arbitration — agreed avoidance of court litigation in favor of faster, less cumbersome private dispute resolution — suggests that multiple attempts to assert it are not coherent with the right.
As to the validity of its multiple attempts to compel arbitration, defendant essentially argues “that was then, this is now.” Initially it relies on the first denial as being pre-certification — i.e. before the class was actually certified. We note that the order certifying the class was entered but a few weeks after the first order denying arbitration. Defendant does not explain why it did not appeal the order denying arbitration and then move to consolidate its later appeal of the order of certification. Nor does it address the fact that this action was filed as a class action; thus from the very beginning of litigation certification was foreseeable when it first sought to compel arbitration unsuccessfully. As plaintiffs point out, the initial order denying arbitration referred to the “action” not to the individual plaintiffs claim.
Defendant argues that this issue of appellate review is being raised for the first time in this court, that plaintiffs never argued to the trial court that defendant was barred from successive attempts to seek arbitration. We note that plaintiffs’ motion to dismiss is based solely on Weg-ner, a jurisdictional decision. Wegner’s policy of requiring prompt review of the first attempt to compel arbitration is a feature of the limitations on allowing any non-final review at all. To be sure, we do not understand how plaintiffs could have raised an issue of appellate jurisdiction in the trial court while the issue of arbitration was being successively argued.
Rule 9.130 certainly allows review of an order entered on the application to require arbitration, but there is nothing in the rule suggesting that the issue of replacing court litigation with arbitration could be raised repeatedly in the trial court until the party doing so finally decides to appeal on the issue. We emphasize that here the first attempt to compel arbitration resulted in a lengthy hearing, followed by a decision denying the motion both because of unconscionability and waiver of the right by conduct of the moving party. That decision was more than four years before the second.
Finally we take note of rule 9.130(g), which makes clear that the failure to take a timely appeal of the non-final December 4, 2002, order under rule 9.130(a) does not waive the issue from initial review in an appeal of the final judgment in the action. Defendant’s attempt to have review is thus not lost by a dismissal of this appeal; it is merely postponed to final review in the case. For the foregoing reasons, this appeal is

Dismissed.

GUNTHER and KLEIN, JJ., concur.

. Our grant of the motion to dismiss this appeal makes all other pending motions and documents moot.