DAVIS, Chief Judge.
Stephen Sinatra and Janice Sinatra, his wife, appeal the final summary judgment entered in favor of John A. Balog in their declaratory action against Mr. Balog. The Sinatras and Mr. Balog purchased separate condominium units from Arthur and Lori Ann Bussel. Based on the deeds involved in the transactions, both the Sina-tras and Mr. Balog believed that they had purchased a dock and boat slip as part of their individual transactions with the Bus-sels. The trial court determined that as a matter of law the Bussels did not have authority to convey their interest in the dock and boat slip to the Sinatras and that title vested in Mr. Balog. We affirm.
The Bussels owned a condominium unit in a development phase known as The Sterling. As the owners of the unit, they also owned interest in a dock and boat slip that are described in The Sterling’s recorded Declaration of Condominium as a limited common element.[1] This dock and boat slip was designated as appurtenant to the Bussels’ unit for their exclusive use. The Declaration of Condominium provided that ownership of individual docks and boat slips could be transferred without having to transfer ownership of the condominium unit but only to an owner of another unit in The Sterling.
Several years after the development of The Sterling, a second phase of development was constructed and named Sunset Watch. The Bussels purchased a second *475 condominium unit in Sunset Watch. As a part of the development of Sunset Watch, the Declaration of Condominium was amended to allow for the leasing of docks and boat slips assigned to units in The Sterling to owners of units in Sunset Watch. The Bussels later sold their unit in Sunset Watch to the Sinatras. As a part of that transaction, the Bussels gave to the Sinatras a quit claim deed purportedly transferring their ownership interest in the dock and boat slip assigned to then-unit in The Sterling.
Subsequently, the Bussels sold their unit in The Sterling to Mr. Balog. The deed in that transaction included a description of the limited common element of the dock and boat slip.[2] Mr. Balog then sought to exclude the Sinatras from the use of the dock and boat slip. The Sinatras filed a complaint for declaratory judgment, seeking to establish that title to the dock and boat slip vested in the Sinatras pursuant to the quit claim deed executed in their favor prior to the deed of conveyance given to Mr. Balog. Both the Sinatras and Mr. Balog filed competing motions for summary judgment, agreeing on the facts and requesting that the issue be decided as a matter of law. Attached to the Sinatras’ motion was an amended Declaration of Condominium, which had been recorded in 2001.
At the hearing on the motions, Mr. Ba-log argued that the Bussels were without authority to transfer their interest in the limited common element to anyone other than another owner of a unit in The Sterling. He argued that because there was no authority given to “strip” the ownership of the dock and boat slip from The Sterling unit and transfer it to a person who was not an owner of another unit in The Sterling, the quit claim deed was a nullity and the deed transferring The Sterling unit and the limited common element appurtenant to it vested title of the dock and boat slip in his name.
The trial court gave the Sinatras an opportunity to submit any other recorded amendments to the original Declaration of Condominium that would allow the Bussels to transfer their interest in the limited common element to a Sunset Watch unit owner. The Sinatras failed to submit such an amendment following the hearing, and the trial court therefore granted Mr. Ba-log’s motion for summary judgment. A final judgment declaring that title to the dock and boat slip vested in Mr. Balog was entered. It is this final judgment that the Sinatras currently appeal.
On appeal, the Sinatras argue that the dock and boat slip do not fit the definition of a limited common element. They note that section 718.401(1), Florida Statutes (2005), provides that for a declaration of condominium to be effective on leased land, the lease must be for a minimum of fifty years. They argue that because the submerged land lease from the State of Florida to The Sterling was for a term of only five years, the land — and the dock and boat slip located thereon — do not meet the definition of a limited common element. However, they maintain that the submerged land lease gave the condominium association the right to grant a license for the dock and boat slip and that because the condominium association approved the Bussels’ quit claim deed to the Sinatras, that deed essentially was a valid license. Thus, the Sinatras argue that the trial court erred in determining that Mr. Balog had exclusive use of the dock and boat slip *476 by virtue of his ownership of the interest in the limited common element. However, because the Sinatras did not raise the issue in the trial court, we cannot address it on appeal. See Presley v. Szerdi, 708 So.2d 335, 336 (Fla. 4th DCA 1998) (“Appellants’ theory ... was not raised below and therefore cannot be raised on appeal.”).
The only remaining issue that must be resolved is whether the Bussels had authority to transfer their ownership interest in the limited common element to the Sinatras. Our analysis starts with the general principle that an interest in a limited common element is not subject to separation from interest in the unit to which it is assigned and cannot be transferred apart from transferring ownership of the unit to which the limited common element is assigned. See Brown v. Rice, 716 So.2d 807, 809 (Fla. 5th DCA 1998).
However, section 718.106(2)(b) provides as follows:
(2) There shall pass with a unit, as appurtenances thereto:
[[Image here]]
(b) The exclusive right to use such portion of the common elements as may be provided by the declaration, including the right to transfer such right to other units or unit owners to the extent authorized by the declaration as originally recorded, or amendments to the declaration adopted pursuant to the provisions contained therein.
The subsection goes on to describe the conditions required for “the transfer of use rights with respect to limited common elements.” Id. This subsection provides for the possibility of the transfer of the rights in the limited common element without the necessity of transferring the ownership interest in the unit itself. Id.
As previously described, The Sterling’s original Declaration of Condominium only provided for the independent transfer of the limited common element to another unit owner in The Sterling. The Sinatras argue that the amendment to The Sterling Declaration. — recorded prior to the Bus-sels’ executing the quit claim deed — provided the Bussels, as owners of the unit in The Sterling to which the interest in the limited common element was assigned, the authority to independently transfer their interest in the dock and boat slip to the Sinatras as owners of a unit in Sunset Watch. The analysis then turns on the provisions of the amendment attached to the Sinatras’ motion for summary judgment.
This amendment to The Sterling’s Declaration of Condominium was recorded in the official records of Pinellas County in 2001. The amendment provides authority for a unit owner in The Sterling to lease the dock and boat slip to an owner of a unit in the “Phase II” property, which is understood to be Sunset Watch. The amendment further specifies that the lease must be for a term that does not exceed the term of the submerged land lease and that the leasing of the limited common element does not “release or discharge unit owner(s) to whom such boat slip has been assigned as a limited common element from compliance with all obligations and duties, including without limitation the timely payment of any assessments and special assessments pertaining to the boat slip.” By the clear language of the amendment, it does not provide for the transfer of the ownership interest in the limited common element, as was attempted by the Bussels in this case.
Accordingly, the Bussels were without authority to transfer their ownership interest in the dock and boat slip to the Sina-tras. As a result, the quit claim deed *477 purporting to transfer ownership of the dock and boat slip from the Bussels to the Sinatras is a nullity, and the ownership interest remained with the Bussels. See generally Wilson v. Kelley, 226 So.2d 123, 128 (Fla. 2d DCA 1969) (“A quitclaim deed only purports to transfer whatever interest the grantor may have had in the land.”); see also Brown, 716 So.2d at 808 (noting that a condominium owner generally does not possess the authority to convey a limited common element without also conveying its attached unit). The subsequent execution of the deed in favor of Mr. Balog with the interest in the limited common element described therein properly conveyed that interest along with the ownership interest in their unit in The Sterling to Mr. Balog as permitted by the relevant statutes and the recorded Declaration. The trial court therefore was correct to grant final judgment in favor of Mr. Balog and vest title in his name.
Affirmed.
WALLACE and MORRIS, JJ., Concur.

. The dock and boat slip are constructed over submerged lands to provide access to navigable waters, and thus they are located on property owned by the State of Florida and leased to the condominium. But because the tangible dock and boat slip is a limited common element that is appurtenant to an individual condominium unit, pursuant to section 718.103(19), Florida Statutes (2005), the unit owner has a property interest in the dock and boat slip that is transferable as contemplated by the Declaration of Condominium.

. It is alleged that the inclusion of this interest was by mistake and that the bill of sale clearly indicated that the interest in the dock and boat slip was not included in the purchase of the unit.