# Third District Court of Appeal

## State of Florida

Opinion filed July 10, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0650
Lower Tribunal No. 19-14915
_____

**Concierge Auctions, LLC, et al.,**

Appellants,

vs.

**Coldwell Banker Residential Real Estate, LLC, et al.,**

Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Gonya Law, and Patrick E. Gonya, Jr.; GrayRobinson, P.A., and Jack R. Reiter, for appellants.

Kula & Associates, P.A., and Elliot B. Kula and W. Aaron Daniel, for appellee ICB Properties of Miami, LLC.

Before EMAS, LINDSEY and MILLER, JJ.

EMAS, J.

## INTRODUCTION

Appellant Concierge Auctions, LLC appeals two separate nonfinal orders denying its motion to compel arbitration. Appellants Chad Roffers, Paulina Kimbel and John McMonigle appeal a single nonfinal order denying their motions to compel arbitration. For the reasons that follow, we dismiss the appeal as it pertains to appellant Concierge Auctions, LLC, as untimely filed, and reverse the order as it pertains to appellants Roffers, Kimbel and McMonigle, and remand for further proceedings.

## FACTUAL AND PROCEDURAL HISTORY

ICB Properties of Miami, LLC (ICB) owned property in Coral Gables, Florida. In 2018, it entered into a listing agreement with Submarket Realty, LLC d/b/a Engle & Volkers (Engle & Volkers).  Engle and Volkers encouraged ICB to work with Concierge Auctions, LLC (Concierge), a real estate auction marketing firm in the business of auctioning high-end residential real estate. Roffers, Kimbel, and McMonigle (collectively referred to as "the Individual Third-Party Defendants") are all members of Concierge.

### The Auction Agreement and Arbitration Provision

In January 2019, ICB entered into an Auction Agreement with Concierge to market the property for sale through a "no reserve" auction. Under the terms of the Auction Agreement, Concierge was entitled to a

2

"buyer's premium" to be paid by the winning bidder after the auction, pursuant to a separate agreement between the bidder and Concierge. The Auction Agreement contained an arbitration provision:

> Arbitration; Venue; Prevailing Party. The parties shall submit any and all controversies, disputes, claims and matters of difference arising out of or relating to this Agreement, including but not limited to its performance, enforcement, scope and/or interpretation, exclusively to arbitration in Austin, Texas in accordance with the Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association then in effect (the "Rules"). Notwithstanding anything to the contrary contained in this Agreement, each of the Parties agrees that this Agreement evidences a transaction involving interstate commerce and that the Federal Arbitration Act applies to and governs this arbitration provision and shall preempt any inconsistent state or federal rule or law. . . .

Prior to the auction, ICB and Concierge entered into a First Addendum to the Auction Agreement which provided that Concierge would not be entitled to the buyer's premium if the property sold for less than $29 million.

The Sale, Dispute and Florida Lawsuit

Several bidders registered for the auction, and at its conclusion, the winning bidder, who was represented by Coldwell Banker Residential Real Estate LLC d/b/a the Jills Zeder Group (Coldwell Banker), bid $25.5 million. The sale of the property closed on April 22, 2019. Following the closing, a dispute arose between Coldwell Banker and ICB, the seller, relating to the

2.5% commission Coldwell Banker claimed it was entitled to under the listing agreement between ICB and Engle & Volkers.

Coldwell Banker filed suit against ICB for its alleged refusal to pay the commission under the listing agreement and its addendum. ICB counterclaimed and filed a third-party complaint against Concierge and Engle & Volkers, claiming, inter alia, Concierge was responsible for the payment of any commissions, that Engle & Volkers waived commission because the property sold for less than $29 million, that Concierge breached the Auction Agreement and that Engle & Volkers breached the listing agreement. Engle & Volkers counterclaimed against ICB, seeking payment of its commissions pursuant to its listing agreement.

<u>Concierge Initiates Separate Arbitration in Texas and Moves to Compel Arbitration of Florida Lawsuit</u>

Thereafter, on September 17, 2019, Concierge initiated an arbitration in Texas against ICB, asserting, inter alia, that ICB had breached the Auction Agreement by filing a third-party action against Concierge in Florida state court.  Concierge sought to compel arbitration and to stay the Florida lawsuit, asserting that ICB was required to arbitrate all of its claims based on the fact that the auction and related activities involved interstate commerce. Counsel agreed to set a hearing on the motion to compel arbitration for April 2, 2020. Meanwhile, in the Texas Arbitration initiated by Concierge, ICB objected to

4

the arbitrator's jurisdiction, and sought a stay of the arbitration until the Florida trial court could decide Concierge's motion to compel arbitration of ICB's claims. The arbitrator denied ICB's motion.

<u>ICB Amends Third-Party Claims to Add Individual Third-Party Defendants Roffers, Kimbel and McMonigle</u>

The April 2, 2020, hearing on Concierge's motion to compel arbitration was rescheduled due to the COVID-19 pandemic. The motion was eventually reset for a hearing to be held February 26, 2021.

In December 2020, ICB amended its counterclaim and third-party claim to add the Individual Third-Party Defendants, Roffers, Kimbel and McMonigle. Two months later, the Individual Third-Party Defendants filed their own motions to compel arbitration, claiming they had standing to raise the arbitration provision of the Auction Agreement based on principles of agency and equitable estoppel. Following ICB's amended counterclaim and third-party claim, Concierge filed an amended motion to compel arbitration, continuing to allege that all claims must be arbitrated in Texas pursuant to the arbitration provision of the Auction Agreement. ICB responded that the claims are not arbitrable under the Federal Arbitration Act (FAA) because: the sale of real property is inherently intrastate, and does not involve interstate commerce; Concierge violated the terms of the arbitration provision by failing to file a separate action in Texas court to compel

5

arbitration; Concierge waived the right to compel arbitration because the pleadings in the Texas arbitration were closed and a final hearing had already been set; and, that if arbitration was compelled, Coldwell Banker and Engle & Volkers must be required to participate because all the pending claims were inextricably intertwined.

The hearing on Concierge's motion to compel arbitration was not held on February 26, 2021. Instead, the trial court rescheduled it for May 2021. In the meantime, the Texas arbitrator granted summary judgment (as to liability) on Concierge's claim that ICB breached the arbitration provision by filing its claims against Concierge in a Florida court instead of arbitrating the claims in Texas.

Because of the trial court's unavailability, the May 2021 hearing was rescheduled once more, to be held June 9, 2021.

<u>The Hearings on Concierge's Motion to Compel Arbitration</u>

The court held a hearing on June 9, 2021, but was unable to complete it on that day, and scheduled the continuation of the hearing for July 16. Importantly for our purposes, the trial court did not consider, or hear argument on, the Individual Third-Party Defendants' motions to compel arbitration. The second hearing was held on July 16, 2021, and once again, the trial court did not consider or hear argument on the Individual Third-Party

6

Defendants' motions. By the time of this July 16, 2021 hearing, the final hearing in the Texas arbitration had already taken place but no final order had been rendered.

At the July 16, 2021 hearing, before proceeding on Concierge's motion to compel arbitration, the trial court questioned whether an evidentiary hearing was required. Concierge initially indicated (and ICB agreed) that no evidentiary hearing was necessary to rule on its motion to compel arbitration, and that only legal argument would be presented. After hearing argument on Concierge's motion to compel, the trial court announced it was denying the motion, concluding that Concierge waived its right to arbitration of the Florida claims by its delay in setting a hearing on the motion and then failing to obtain a ruling on that motion prior to participating in the parallel arbitration in Texas. After the trial court orally announced its ruling, Concierge requested the trial court to defer ruling—rather than denying the motion—to permit additional pleadings and a possible evidentiary hearing. The trial court rejected Concierge's request to defer ruling, reaffirmed it was denying Concierge's motion, but indicated it was doing so "without prejudice" to allow Concierge to file another motion which the court agreed it would "entertain" and set for an evidentiary hearing. Again, the trial court did not orally announce any ruling regarding the individual third-party defendants' motions

7

to compel arbitration, nor did this order by its terms address or rule on their motions to compel.

The trial court rendered its first order denying Concierge's motion to compel arbitration on July 22, 2021. Thereafter, Concierge filed what it styled as a "renewed" motion to compel arbitration, which was not heard until January 30, 2023.[1] Prior to that hearing date, Concierge and ICB entered into a limited set of stipulated facts for the court to consider at the hearing, in lieu of presenting live testimony. Following the hearing, the trial court found, consistent with its earlier determination and order, that Concierge waived its right to arbitrate the claims brought by ICB.[2] On March 14, 2023, the trial court rendered a second order denying Concierge's Renewed Motion to Compel Arbitration. In addition, the trial court's order denied the individual third-party defendants' motions to compel arbitration. Concierge and the

---

[1] In the interim, the Texas arbitrator issued its written determination that ICB breached the arbitration provision by filing its third-party claims in Florida court, and awarded Concierge $165,122.70, plus interest and costs. The arbitration award was confirmed on August 26, 2022.

[2] "A party's arbitration rights may be waived by taking action inconsistent with its arbitration rights," Price v. Fax Recovery Sys., Inc., 49 So. 3d 835, 837 (Fla. 4th DCA 2010), but waiver is defined as "active participation in litigation or other acts inconsistent with the right." Marine Env't Partners, Inc. v. Johnson, 863 So. 2d 423, 426 (Fla. 4th DCA 2003). "Courts resolve all doubts regarding waiver in favor of arbitration rather than against it," and the party seeking to avoid arbitration bears the "heavy burden" of proving waiver. Running Cars, LLC v. Miller, 333 So. 3d 1177, 1179 (Fla. 1st DCA 2022).

individual third-party defendants filed their notice of appeal on April 10, 2024. We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(iv) (authorizing the appeal of nonfinal orders that "determine . . . the entitlement of a party to arbitration . . . .")

**STANDARD OF REVIEW**

Generally, we review de novo an order granting or denying a motion to compel arbitration. Running Cars, LLC v. Miller, 333 So. 3d 1177, 1179 (Fla. 1st DCA 2022) (citing Murphy v. Courtesy Ford, LLC, 944 So. 2d 1131, 1134 (Fla. 3d DCA 2006)). "Waiver, however, is a question of fact reviewed for competent substantial evidence." Id.

**ANALYSIS AND DISCUSSION**:

We begin, as we must, with the question of whether the notice of appeal was timely filed from these two nonfinal orders denying the motions to compel arbitration. As to Concierge, we conclude that we do not have jurisdiction because Concierge failed to timely appeal the first order denying its motion to compel arbitration. In contrast, the Individual Third-Party Defendants' separately-filed motions to compel arbitration were not heard or adjudicated in this first order; therefore there was no order for them to appeal at that point. Their notice of appeal (taken from the "second" order denying motion to compel arbitration) was timely filed.

9

The first order—entered July 22, 2021—denied Concierge's motion to compel arbitration "without prejudice." A review of the transcript establishes that the trial court expressly declined Concierge's request to merely "defer" ruling on the merits of the motion. The "without prejudice" language was used because, while denying the motion to compel arbitration on the merits, the trial court granted Concierge's post-ruling request for an opportunity to set a future hearing in pursuit of a reconsideration of the court's ruling. That future hearing did not take place until January 2023.

To the extent the trial court included the term "without prejudice," this adds nothing to the characterization of an order such as this (denying a motion to compel arbitration) since it is already recognized and treated as a nonfinal order. While the use of "without prejudice" in other contexts might render an otherwise final order nonfinal (and nonappealable), see, e.g., U.S. Bank Nat. Ass'n v. Rodriguez, 206 So. 3d 734, 736 (Fla. 3d DCA 2016) ("Generally, when an order dismisses a complaint 'without prejudice,' that language signifies that the order is not a final order.") (citation omitted); Lee v. State, 939 So. 2d 154, 155 (Fla. 1st DCA 2006) (holding dismissal without prejudice to refile a facially sufficient motion is a nonappealable, nonfinal order); Williams v. State, 884 So. 2d 374 (Fla. 2d DCA 2004) (dismissal without prejudice renders an order nonfinal and nonappealable), an order

10

denying a motion to compel arbitration is already nonfinal, and the use of "without prejudice" does not alter the character of that order.

More importantly, an order denying a motion to compel arbitration, while nonfinal, is one of the enumerated orders from which an interlocutory appeal may be taken. See Fla. R. App. P. 9.130(a)(3)(C)(iv). But the right to appeal this nonfinal order comes with a concomitant obligation: the notice of appeal must be filed "within 30 days of rendition of the order to be reviewed." Fla. R. App. P. 9.130(b). The addition of "without prejudice" to an already nonfinal order does not alter that deadline nor somehow render that order nonappealable.

The failure to file an appeal within 30 days of rendition "constitutes an irremediable jurisdictional defect." Miami-Dade Cty. v. Peart, 843 So. 2d 363, 364 (Fla. 3d DCA 2003) (quoting First Nat'l Bank in Fort Myers v. Fla. Unemployment Appeals Comm'n, 461 So. 2d 208, 208 (Fla. 1st DCA 1984)); Stubbs v. Fed. Nat'l Mort'g Ass'n, 250 So. 3d 151, 153 (Fla. 2d DCA 2018).

Additionally, because the order was nonfinal, the filing of a motion seeking rehearing or reconsideration does not suspend rendition of that nonfinal order or toll the time for filing a notice of appeal. See Sanz v. Saenz, 366 So. 3d 1173 (Fla. 3d DCA 2023); Samara v. Tenet Fla. Physician Servs., LLC, 317 So. 3d 187 (Fla. 2021). Concierge's renewed motion to compel

11

arbitration "was, in effect, a successive motion seeking reconsideration" of the trial court's first order denying motion to compel arbitration, and an "untimely appeal of a prior order cannot be revived by obtaining a new order to the same effect as the original and then filing the notice of appeal within thirty days of that most recent order." Cordero v. Washington Mut. Bank, 241 So. 3d 967, 968 (Fla. 3d DCA 2018) (citing Caldwell v. Wal-Mart Stores, Inc., 980 So. 2d 1226 (Fla. 3d DCA 2008)). See also Seigler v. Bell, 148 So. 3d 473, 479 (Fla. 5th DCA 2014) ("Nomenclature does not control, and motions for either 'rehearing' or 'reconsideration' aimed at final judgments shall be treated as rule 1.530 motions for rehearing, while motions aimed at nonfinal orders shall be treated as motions for reconsideration.") (citing Bettez v. City of Miami, 510 So. 2d 1242, 1243 (Fla. 3d DCA 1987) (treating a "mislabeled" motion for "rehearing under [rule] 1.530" as a motion for "reconsideration" because it was aimed at an interlocutory ruling.))

Concierge acted at its own peril in choosing not to appeal that first order within the 30-day deadline established by rule 9.130(b). Instead, Concierge waited to appeal from the trial court's second order denying Concierge's "renewed" motion to compel arbitration, which did not serve to revive or resuscitate the jurisdictional deadline to appeal, or grant Concierge

12

a new 30-day period within which to appeal the trial court's first order denying Concierge's motion to compel arbitration.

We therefore dismiss this appeal as to Concierge because the notice of appeal from the July 22, 2021, nonfinal order was untimely filed and could not be revived by a "renewed" motion to compel arbitration, which served simply as an unauthorized motion for reconsideration, and did not toll rendition of the original order. See Stok v. Cabrera, 774 So. 2d 824, 824 (Fla. 3d DCA 2000) (dismissing untimely-filed appeal because "Appellant's motion for reconsideration did not toll the time for filing an appeal"); LaCarrere v. Reilly, 987 So. 2d 816, 816 (Fla. 3d DCA 2008) ("Unlike authorized and timely motions directed to a final order, however, motions for reconsideration or rehearing of non-final orders are unauthorized and, therefore, do not toll the thirty-day time limit for filing the notice of appeal."); Avael Law Firm, PLLC v. Sechrist, 347 So. 3d 424, 427 n.5 (Fla. 3d DCA 2022) ("[A] motion for rehearing directed to a non-final order. . . is not authorized under the rules and does not toll the time for filing the notice of appeal' from an appealable, non-final order.") (citation omitted).[3] We further note:

---

[3] Concierge still has the right, following final judgment, to appeal the trial court's orders denying its motions to compel arbitration. See Fla. R. App. P. 9.130(h) ("This rule shall not preclude initial review of a nonfinal order on appeal from the final order in the cause.")

> Florida law does not authorize multiple motions to compel arbitration. Section 682.03(1), Florida Statutes (2005),[4] authorizes an 'application to the court' to proceed with arbitration, not applications. . . . Because an order denying a motion to compel arbitration is non-final, a motion for rehearing or reconsideration is not authorized. See Josephthal Lyon & Ross Inc. v. C & A Fin. Programs Inc., 709 So. 2d 1384 (Fla. 4th DCA 1998).

Wegner v. Schillinger, 921 So. 2d 854, 855 (Fla. 4th DCA 2006).

---

[4] The 2005 version of section 682.03(1), Florida Statutes read in relevant part:

> A party to an agreement or provision for arbitration subject to this law claiming the neglect or refusal of another party thereto to comply therewith may make application to the court for an order directing the parties to proceed with arbitration. . . .

Though it was amended in 2013, the relevant portion of section 682.03(1) continues to permit but one motion to arbitrate:

> (1) On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:

> (a) If the refusing party does not appear or does not oppose the motion, the court shall order the parties to arbitrate.

> (b) If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate unless it finds that there is no enforceable agreement to arbitrate.

§ 682.03(1)(a)-(b), Fla. Stat. (2021).

However, and as ICB commendably conceded during oral argument, the foregoing jurisdictional analysis does not apply to the Individual Third-Party Defendants, because the trial court's first order did not address (nor did the trial court hear argument regarding) the motions to compel arbitration filed by Roffers, Kimbel and McMonigle. Nor did the trial court orally announce any ruling as to those Individual Third-Party Defendants, instead ruling solely on Concierge's separately filed motion to compel arbitration. It was only in the "second" order denying the motion to compel arbitration that the trial court, for the first time, denied the Individual Third-Party Defendants' motions to compel arbitration. That order was rendered on March 14, 2023. Because the Individual Third-Party Defendants timely filed their notice of appeal from that second order, we have jurisdiction over the appeal as to appellants Roffers, Kimbel and McMonigle.

Turning to the merits of that second order, we note ICB's additional concession at oral argument that the sole underlying basis for the trial court's denial of Concierge's motion to compel arbitration (waiver) is wholly inapplicable to the Individual Third-Party Defendants. The Individual Third-Party Defendants did not initiate or participate in the Texas arbitration, nor was there any delay attributable to the Individual Third-Party Defendants, who weren't brought into the case until December 2020 and who filed their

15

motions to compel arbitration in February 2021.[5]  Indeed, we note that neither the relevant hearing transcript nor the body of the March 14, 2023, order denying the motions to compel arbitration reflects any basis for denying the Individual Third-Party Defendants' motions to compel arbitration.

In light of this, we reverse the trial court's March 14, 2023, order denying the Individual Third-Party Defendants' motions to compel arbitration, and remand for further proceedings consistent with this opinion.[6]

**CONCLUSION**

Because the trial court's first order denied Concierge's motion to compel arbitration, Concierge was required to file its notice of appeal within thirty days of rendition, which was not tolled by the filing of a "renewed" motion to compel, which was in effect a motion for reconsideration. Therefore, the notice of appeal (filed following rendition of a second order denying Concierge's motion to compel) was untimely, and Concierge's appeal is dismissed for lack of jurisdiction.

---

[5] Because we dismiss the appeal of Concierge as untimely, we do not reach the merits of the trial court's determination that Concierge waived its right to arbitration.

[6] We decline the invitation to address in the first instance ICB's contentions that the real estate transaction did not involve interstate commerce and that the Individual Third-Party Defendants could not seek to compel arbitration under the equitable estoppel and agency exceptions to the general rule that only signatories are bound by an arbitration agreement.

As to the Individual Third-Party Defendants Roffers, Kimbel and McMonigle, their notice of appeal is timely filed because the trial court did not rule upon their motions to compel arbitration until rendition of the second order denying motion to compel arbitration. However, and because the trial court's basis for denial (waiver) was applicable only to Concierge and inapplicable to the individual Third-Party Defendants, we reverse and remand that portion of the second order on appeal which denied the motion to compel of Individual Third-Party Defendants Roffers, Kimbel and McMonigle.

Dismissed in part, reversed in part, and remanded for further proceedings not inconsistent with this opinion.