Hunt Furniture Company, Inc., a Florida corporation instituted an attachment proceeding against Clyde E. Posey. The declaration alleges that on the 4th day of December 1946, defendant signed and delivered his promissory note to the plaintiff in the sum of $20,000 payable $10,000 on or before the first day of February 1947, and the balance on the first day of December 1947. The declaration also alleged that the latter payment was due and unpaid and that defendant was due the plaintiff a reasonable attorney's fee. A bill of particulars was attached to and made a part of the declaration.
A motion to dissolve the writ of attachment was denied. Defendant then filed a plea of payment. A rash of pleading followed which is not necessary to detail. The case was tried on the issues made by the declaration and the plea of payment. The plaintiff submitted evidence to prove that $10,000 principal and $62 interest had been paid on the note and that the balance of $10,000 with interest and attorney's fee was due and unpaid. Evidence was proffered as to a reasonable attorney's fee and the plaintiff rested.
To prove his plea of payment defendant first offered in evidence the contract between *Page 344 
the parties identified as "Exhibit A" for the purpose of showing how and when the debt secured by the note sued on originated and to show that the contract and the note constitute the transaction from which the debt arose. Objection to the introduction of the contract in evidence was sustained on the theory that its introduction was tantamount to offering extraneous matter, in no way incident to the litigation.
Defendant then offered to prove his plea of payment with three checks, one for $10,000 and two for $5000 each, payable to and endorsed by E.J. Hunt. Objection was interposed to the introduction of the $5000 checks on the ground that they were payable to E.J. Hunt rather than to Hunt Furniture Company. The objection was sustained and defendant then offered to prove that E.J. Hunt and Hunt Furniture Company were one and the same entity and that payment to Hunt was payment to Hunt Furniture Company. This proffer was rejected. The issues were then submitted to the jury under instructions from the Court. The jury found for the plaintiff and assessed damages in the sum of $10,000 principal, $1015.48 interest and $1151.54 attorney's fees. Final judgment was entered for the plaintiff and defendant appealed.
The question for determination is whether or not the trial court committed error in refusing to permit defendant to introduce the contract and checks in evidence.
While instituted as an attachment proceeding we are confronted with nothing more than a common law action on a promissory note. The contract and checks alluded to were the primary evidence relied on to prove the plea of payment. They were rejected on the theory that they did not constitute payment in due course as required by Section 675.05, F.S.A. It was also contended that since the contract was made with a different person than the one to whom the checks were made payable, there was a variance between the allegata and the probata.
We think the court committed error in refusing to permit the contract between plaintiff and defendant to be introduced in evidence. It would have given the jury a complete picture of the transaction, it was the predicate for the indebtedness and with the notes constituted the transaction between the parties. The contract with the endorsements thereon and the recitations therein support the contention that E.J. Hunt and Hunt Furniture Company were one and the same person, that Hunt as President was acting for the company with authority to collect claims due it.
We are also convinced that the trial court committed error in refusing to admit the proffered checks in evidence. The plea of payment was in substantial compliance with the statute, Section 52.17(5), F.S.A. If defendant can prove that Hunt was President of Hunt Furniture, that he took the checks on the debt or was in the habit of taking checks in payment of the Hunt Furniture Company's debts, that the checks in question were taken for that purpose or that Hunt and the Furniture Company were one and the same person, then he should have had credit for them on the note.
In so holding we are not unmindful of Section 675.28, F.S.A. providing the manner in which a negotiable instrument should be discharged. This and other provisions of the negotiable instruments law lay down rules and regulations for the execution, handling and discharge of such instruments. These requirements should be observed but when the parties adopt a different method for handling them a plea of payment should not be defeated because the purpose, rather than the strict letter of the law, was observed.
The circumstances alleged in this case was typical of the manner in which transactions of the kind are often handled by laymen. Ordinary people are not versed in the niceties of the negotiable instruments law but pay their notes when money is available and the payee will take it. In litigating such a case justice is the primary concern of the judge and he should manipulate the material in hand to accomplish that, when the design of the parties is shown to be legal. The judge works with the implements and tools of the common *Page 345 
man, it therefore follows that, he should apply the standards of the common man in the disposition of his causes. New factual conditions constantly arise that are covered by no known rule of law. The judge in the exercise of a wise discretion, should shape the rules to meet the exigencies of justice in such cases.
For these reasons the judgment is reversed and a new trial awarded.
Reversed.
ADAMS, C.J., and THOMAS and ROBERTS, JJ., concur.