153 So.2d 51 (1963)
Hans BAADER and Kathryn A. Baader, Appellants,
v.
T.B. WALKER and Dorothy M. Walker, Appellees.
No. 3154.
District Court of Appeal of Florida. Second District.
April 19, 1963.
Rehearing Denied May 20, 1963.
*52 Carl O. Dunbar, Jr., Dunedin, for appellants.
John L. Estes, Clearwater, for appellees.
WHITE, Judge.
Appellants Hans Baader and wife were plaintiffs in a foreclosure suit in which the chancellor decreed that the mortgage indebtedness had been paid prior to suit and that the mortgage should be satisfied of record. The chancellor thus sustained the position of the defendant-appellees T.B. Walker and wife.
The facts are essentially undisputed. In September, 1957, the defendants executed their note and mortgage to Suncoast Holding and Investments, Inc. In October, 1957, the note and mortgage were assigned to plaintiffs Baader who entered into a servicing agreement with Insured Mortgage and Title Corporation by which the latter agreed to act as plaintiffs' collecting agent.
The defendants made regular installment payments to the agent through November, 1960. The payment due December 20, 1960, was not paid until January 10, 1961, on which date the entire balance of the indebtedness, $3,202.29, was paid by the defendants to the agent. In March, 1961, the agent went into receivership and the sum so collected was not remitted to the plaintiff-mortgagees. The plaintiffs sued to foreclose and the defendants pleaded payment and counterclaimed for an order directing that the mortgage be satisfied of record.
The pertinent acceleration clause reads as follows:
"* * * (U)pon default in payment of principal and/or interest due on any note secured by said mortgage, all notes so secured and remaining unpaid shall forthwith become due and payable notwithstanding their tenor." (Emphasis supplied)
The import of plaintiffs' contention on appeal is that the foregoing clause was not self-executing and that the chancellor should have held that the agent was not authorized to collect principal in advance of specified maturity dates or prior to acceleration through the election of plaintiffs to declare the entire indebtedness due and payable  which they had not done. Thus the theory of plaintiffs' position is that the law supplies for the creditor's benefit alone an option to accelerate even though such provision is conspicuously absent from the written instrument. The chancellor, as indicated, held that the unqualified acceleration clause did become self-executing upon defendants' default and that consequently the entire indebtedness *53 became due and payable not later than the contractual ten day grace period subsequent to December 20, 1960.
This appeal thus presents the conjunctive questions of whether the defendants had the right to pay the full balance of the mortgage indebtedness and whether the plaintiffs' agent had authority to collect it. We shall consider first whether the collecting agent had express or implied authority to receive payment of principal prior to regular maturity dates. In this connection the plaintiffs argue that neither the note nor the mortgage expressly conferred on the defendant-obligors the privilege or option of prepayment. On the other hand, the defendants point to the unqualified language of the acceleration clause supra and to the broad powers conferred upon the corporate agent in its guarantee and collection agency agreement with the plaintiffs:

"The owner or holder of this stipulated mortgage shall in no manner interfere with the method or action we employ or use to promote the collection of the note and enforce the terms, conditions or covenants of the said mortgage and should the mortgagor of this mortgage and note or assigns of the property this mortgage covers contact the owner or holder of this mortgage, relative to change of any of the conditions or payments of this mortgage and note, the said owner or holder shall refer such persons to us as exclusive collection agents for the term of the said mortgage." (Emphasis supplied).
In addition to the foregoing it was agreed that the agent would pay plaintiffs the stipulated monthly payments without reference to whether or not corresponding payments were actually received from the defendants:
"We [agent] agree to pay all payments stipulated in the note of this mortgage in the following manner: All payments stipulated within the note of the afore-described mortgage will be mailed to the owner thereof on either the 1st or the 15th of the month, whichever date is subsequent to the stipulated due dates of said note and we agree to render a full administration of the terms, conditions and covenants of both the said mortgage and note without charges to the owner of same for the period of time the said note specifies * * *"
It therefore is apparent that the order of payments to be made by plaintiffs' agent was not contingent upon the order of the agent's collection of payments from the defendants; and this extraordinary undertaking no doubt accounts for the broad powers of collection conferred upon the agent. The plaintiffs nevertheless contend that the agent's authority to collect was in effect limited by the regular maturity dates and that until the plaintiffs elected to declare an acceleration the agent was without authority to collect the unpaid balances notwithstanding the default of the defendants. The defendants, of course, take the contrary position.
Did the defendants' entire indebtedness, in relation to the agent's authority to collect, become payable ipso facto upon the default of the defendants? Did the agent collect an indebtedness that was due? An affirmative answer to these questions is, in our opinion, consistent with the law well stated in the annotation in 100 A.L.R. 389 at page 390:
"It is the general rule that an agent's authority to make collections for his principal may not ordinarily be extended by implication so as to justify his collecting money before it is due, particularly a considerable time before the obligation matures,  at least in the absence of some known course of dealing of such a character that reliance may properly be placed thereon by the obligor as indicating that the agent is actually authorized so to collect, or of other circumstances giving the appearance of actual authority or a *54 holding out of ostensible authority." 100 A.L.R. 389, 390. (Emphasis supplied)
It is notable in this connection that the rule against extension of an agent's authority by implication so as to justify premature collections was not derived from cases involving instruments providing for acceleration prior to regular maturity. 100 A.L.R. 390, supra.
We come now to consider whether the acceleration clause in this case falls within the optional or the absolute category. If absolute, the indebtedness became due and payable consequent upon default of the defendant or at the end of the specified grace period,  subject to waiver of default by mutual assent or acquiescence. On the other hand, if acceleration were optional with the plaintiffs, maturity did not occur until the exercise of such option. See 159 A.L.R. 1077, 1079; 10 C.J.S. Bills and Notes § 251c.
We find no Florida decision squarely in point on the facts and the decisions in other jurisdictions are not in accord on whether an unqualified acceleration clause, such as here involved, is "self-executing" by causing the whole debt to become "due" automatically upon default. There are two lines of authorities based on conflicting theories. They can not be reconciled. See 159 A.L.R. 1077, 1079, supra; 8 Am.Jur., Bills and Notes, § 286. We think that the better rule follows the reasoning in Green v. Frick et al., 1910, 25 S.D. 342, 126 N.W. 579, 581, where the Supreme Court of South Dakota recognized each line of conflict and applied the rule of giving the words of the instrument their full plain meaning and no more:
"Some courts have construed such clauses in a mortgage * * * as in the nature of a penalty inserted for the benefit of the creditor, giving him an option to declare the whole sum due * * *. Other courts have construed such a provision * * * as fixing a contingency upon the happening of which the whole debt should mature at a date earlier than that fixed in the note * * *. We are inclined to the view that when the contract does not in terms make the maturing of the entire indebtedness optional with the payee, but does expressly provide that upon a default the entire sum should at once become due and collectible, such words should be given effect according to their plain import and the intent of the parties as expressed thereby. The decided cases which hold this view, it seems to us, are supported by the better reasoning. No doubt exists where the contract is clearly optional on the part of the creditor. But to hold that a contract is optional which by its express terms is plainly absolute is unwarranted by any known rule governing the construction of contracts." (Emphasis supplied)
Fischer v. Wood, Tex.Civ.App., 1938, 119 S.W.2d 114, is a case in point. The court said at page 115 of 119 S.W.2d:
"The note contained the provision:
`Failure to pay any installment when due hereon shall mature all installments then unpaid.' There was an installment of $40 due on the note on March 25, 1937, which was not paid when due; therefore, automatically and ipso facto, all the installments provided for in the note at once became due and payable. It will be noted that the note did not provide that the holder might have the option to declare the note due in case of default, but the provision is absolute and when there is a default the entire note becomes due, without the necessity of a declaration on the part of anyone."
In 59 C.J.S. Mortgages § 495(3)a, at page 784 the text reads:
"A provision for the acceleration of the maturity of a debt secured by a *55 mortgage is to be construed in accordance with the intention of the parties as disclosed by the ordinary meaning of the words used and the circumstances of the parties."
This view that a note becomes due according to the unvarnished tenor of its provisions as bargained by the parties prevails also in Idaho, Indiana, Kansas, Kentucky, New Mexico, New York, North Dakota, Ohio, Texas, Wisconsin, England and Canada. See 159 A.L.R. 1077 at 1079-1080. Both parties have been held to have equal rights to make use of an acceleration clause not expressly limited by option. See annotation 159 A.L.R. 1084.
Our decision in this case, involving mutually innocent litigants, is based upon the application of substantive principles previously noted. It is not amiss, however, to observe that a contrary ruling would do violence to the equitable doctrine that where one of two innocent parties must suffer, he who made it possible should bear the loss. This doctrine has been argued in behalf of both parties, but it clearly favors the defendants. The record discloses that the defendant T.B. Walker had a third grade education and was not versed in the niceties of the law of negotiable instruments and mortgages. See Posey v. Hunt Furniture Co., Inc., Fla. 1949, 43 So.2d 343, 344. He made regular payments to the plaintiffs' chosen agent until the December 1960 payment fell due. At the end of the grace period provided in the mortgage instrument, believing the debt accelerated, he and his wife used their savings to pay off the entire balance of the mortgage. On the other hand the plaintiffs expressly clothed their corporate agent with authority to promote collection and enforce the terms of the note and mortgage, one of which terms plainly accelerated the entire indebtedness in the event of default without reference to the exercise of any option.
The conclusion is that the defendants acted reasonably in the belief that their entire indebtedness was due and payable. The collecting agent, the plaintiffs' actual and ostensible representative, suggested nothing to the contrary. Although we have noted the absence of any Florida decision factually in point, the circumstances of this case appear to bring it within the spirit of the holding in Holman v. Hollis, 1927, 94 Fla. 614, 114 So. 254, 256:
"* * * When a mortgagor shall have tendered the full amount of his principal due, together with lawful interest on that debt as provided by the contract to the date of his tender, and when such tender is made after maturity by acceleration, or otherwise, and the holder shall have demanded payment, and before the mortgage is placed in the hands of an attorney for collection, he should be discharged from his obligations and the mortgage should be canceled." (Emphasis supplied)
Affirmed.
ALLEN, A.C.J., and OGILVIE, CLAUDE, Associate Judge, concur.