DELL, Judge.
Petitioner Morse Operations, Inc., d/b/a Bayview Cadillac seeks review by certiorari of an order denying its motion to stay until arbitrated.
On July 30, 1981, respondent Sonar Radio Corporation signed a buyer’s order for a new 1981 Cadillac which was duly accepted by petitioner and contained the following arbitration provision:
ANY CONTROVERSY OR CLAIM ARISING OUT OF OR RELATING TO THIS CONTRACT, OR THE BREACH THEREOF, SHALL BE SETTLED BY ARBITRATION IN SOUTHEAST FLORIDA IN ACCORDANCE WITH THE RULES OF THE AMERICAN ARBITRATION ASSOCIATION, AND JUDGMENT UPON THE AWARD RENDERED BY ■ THE ARBITRATOR(S) MAY BE ENTERED IN ANY COURT HAVING JURISDICTION THEREOF.
Respondent elected to finance the vehicle and on August 5, 1981, signed an installment sale contract. This contract did not contain an arbitration provision.
*1003 After experiencing problems with the car, respondent brought suit against petitioner in the circuit court. Petitioner filed a motion to stay until arbitrated which the trial court summarily denied, and directed respondent to seek discovery.
Thereafter, the court conducted a hearing and entered its order. The order found the installment sale contract superseded the buyer’s order and denied petitioner’s motion to stay until arbitrated.
Petitioner asserts that the installment sale contract merely constituted a financing device and therefore contends the trial court erred in determining that it superseded the buyer’s order.
The relevant provisions of the buyer’s' order state:
Purchaser agrees that this Order on the face and reverse side hereof and any separate credit disclosure shall include all of the terms and conditions, that this Order cancels and supersedes any prior agreement and as of this date hereof comprises the complete and exclusive statement of the terms of the agreement relating to the subject matters covered hereby, and that THIS ORDER SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OR HIS AUTHORIZED REPRESENTATIVE.

The Purchaser, before or at the time of delivery of the motor vehicle covered by this Order will execute such other forms of agreement or documents as may be required by the terms and conditions of payment indicated on the front of this Order.
The plain language of these provisions demonstrate that the parties contemplated additional documents when the buyer’s order was signed and accepted. Coincidental thereto, the buyer elected to finance the vehicle through petitioner’s dealership. Had the buyer elected to pay cash, the buyer’s order would have constituted the only agreement between the parties which set the terms for the purchase of the automobile. The parties agreed to the forum to resolve any disputes concerning the vehicle. We find no support in the record for the trial court’s conclusion that the financing agreement superseded the underlying contract for this transaction.
Accordingly, we grant the petition for writ of certiorari. We quash the order of the trial court denying petitioner’s motion to stay until arbitrated and remand the cause for further proceedings consistent herewith.
ANSTEAD, C.J., and.HERSEY, J., concur.