553 So.2d 760 (1989)
KRC ENTERPRISES, INC., Appellant,
v.
Gerald A. SODERQUIST, Appellee.
No. 89-00946.
District Court of Appeal of Florida, Second District.
December 15, 1989.
Michael J. Appleton, Orlando, for appellant.
Mark H. Gibbons, Tampa, for appellee.
*761 SCHEB, Acting Chief Judge.
This appeal concerns the priority of conflicting acceleration provisions in a note and mortgage. The trial court held that the note's automatic acceleration clause controlled over the acceleration clause in the contemporaneously executed mortgage, which provided for acceleration at the option of the mortgagee. We reverse.
On August 25, 1988, Appellant KRC Enterprises, Inc. (KRC) filed a mortgage foreclosure complaint against Gerald A. Soderquist and Sarah H. Soderquist, his wife. Appellee Gerald Soderquist filed a motion for summary judgment which admitted all material allegations of the complaint but alleged KRC's foreclosure action was timebarred. Sarah Soderquist did not join Appellee's motion.
The underlying promissory note provided for monthly installments commencing September 15, 1981, with a final balloon payment due August 15, 1984. The note stipulated that upon default the unpaid principal and accrued interest would "forthwith become due and payable notwithstanding their tender." The mortgage, however, provided for acceleration at the option of the mortgagee:
In the event that any of the sums of money herein referred to shall not be promptly and fully paid on or before the date due ... the aggregate sum mentioned in said promissory note shall become due and payable forthwith or thereafter at the option of the Mortgagee as fully and completely as if the said aggregate sum of said promissory note was originally stipulated to be paid on such day, anything in said promissory note or herein to the contrary notwithstanding.

(Emphasis added).
Appellee argued that his default on April 15, 1983 resulted in an immediate acceleration under the note, and pursuant to section 95.11, Florida Statutes (1987), any action after April 14, 1988 was barred. KRC, which purchased the note and mortgage on August 10, 1988, argued that the language of the mortgage prevailed and the statute of limitations did not commence until the maturity date of the note and mortgage. See § 95.281, Fla. Stat. (1987). Ruling that the note controlled over the mortgage, the court held that the five year statute of limitations had run. Summary final judgment for Appellee was entered, and this appeal followed.
When two documents are executed by the same parties as part of a single transaction regarding the same subject matter, they are to be read and construed together. Int'l Ship Repair & Marine Serv., Inc. v. General Portland, Inc., 469 So.2d 817 (Fla. 2d DCA), review denied, 479 So.2d 117 (Fla. 1985). Here, the note contained an automatic acceleration clause, but the mortgage contained an acceleration clause and specifically provided that "anything in said promissory note or herein to the contrary notwithstanding." Thus, the mortgage, providing for acceleration at the mortgagee's option, prevails over the language in the note. Grier v. M.H.C. Realty Corp., 274 So.2d 21 (Fla. 4th DCA 1973). Therefore, the five year statute of limitations had not run.
Appellee relies on Baader v. Walker, 153 So.2d 51 (Fla. 2d DCA), cert. denied, 156 So.2d 858 (Fla. 1963), in which the court held that an acceleration clause identical to the clause in the note here was automatic. Appellee's reliance, however, is misplaced because Baader concerned the construction of a single acceleration clause, not reconciliation of conflicting clauses.
Accordingly, we vacate the summary judgment and remand for proceedings consistent with this opinion.
SCHOONOVER and HALL, JJ., concur.