DAMOORGIAN, J.
 

 John Sitarik timely appeals the trial court’s order compelling arbitration in his lawsuit against JFK Medical Center Limited Partnerships (JFK), Hospital Corporation of America, Inc. (HCA), Sheridan Healthcorp, Inc., Gilbert Drozdow, M.D., individually and as employee/agent of Sheridan, Malcolm Dorman, M.D., individually and as employee/agent of JFK/HCA, and Gina Melby, individually and as employee/agent of JFK/HCA (collectively, “the Defendants”). We reverse, holding that the trial court erred in compelling arbitration because Sitarik was not a party to the arbitration clause.
 

 In his complaint, Sitarik alleges that he was the anesthesiologist for a surgical procedure performed at JFK. During the procedure, a piece of sponge was left inside the patient. Sitarik reported the incident and was subsequently terminated. Following his termination, Sitarik brought a suit against the Defendants setting forth the following claims: (1) intentional interference with a business relationship, (2) breach of contract against Sheridan and JFK, (3) conspiracy to interfere with an advantageous business relationship against Dr. Dorman, JFK, and HCA, (4) conspiracy to violate the whistleblower’s statute (§ 448.102) against JFK, HCA, and Sheridan, and (5) violation of the whistleblower’s statute against Sheridan and JFK. JFK, HCA, and Melby moved, among other things, to compel arbitration based on an arbitration clause contained in the Professional Services Agreement (the PSA). In support of their motion, they argued that Sitarik bound himself to the PSA by signing an addendum to the contract (Addendum Five), which provided that the PSA was binding on him
 
 “to the extent applicable.”
 
 The trial court granted the motion and compelled arbitration.
 

 Sitarik appealed, arguing that he could not be compelled to arbitration because he was not bound by the arbitration clause. Specifically, Sitarik contended, the arbitration clause provided that it bound only “the parties” and Sitarik was not a party to the PSA.
 

 A trial court’s order compelling arbitration based on its construction of an
 
 *578
 
 arbitration provision is reviewed de novo.
 
 Fonte v. AT & T Wireless Servs., Inc.,
 
 903 So.2d 1019, 1023 (Fla. 4th DCA 2005).
 

 When ruling on a motion to compel arbitration, a tidal court is required to consider three factors: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived.
 
 Seifert v. U.S. Home Corp., 750
 
 So.2d 633, 636 (Fla.1999).
 

 The only factor at issue in this case was whether there was a valid agreement to arbitrate. While the trial court determined that a valid agreement to arbitrate existed, it did not decide whether the anesthesiologist was a party to the arbitration clause. The trial court’s failure to consider whether the clause bound Sitarik was an error, as “[o]ne who has not agreed, expressly or implicitly, to be bound by an arbitration agreement cannot be compelled to arbitrate.”
 
 Regency Island Dunes, Inc. v. Foley & Assoc. Constr. Co.,
 
 697 So.2d 217 (Fla. 4th DCA 1997). We must therefore determine whether the arbitration provision applied to Sitarik before we can resolve that a valid agreement to arbitrate existed.
 
 See Infinity Design Builders, Inc. v. Hutchinson,
 
 964 So.2d 752, 755 (Fla. 5th DCA 2007) (holding that a court must first decide whether the parties agreed to arbitrate before determining arbitration is required).
 

 When deciding whether someone agreed to arbitrate a matter, courts generally apply ordinary state law principles that govern the formation of contracts.
 
 See Ikalina v. City of Pembroke Pines,
 
 972 So.2d 962, 964 (Fla. 4th DCA 2007) (citing
 
 Seifert v. U.S. Home Corp.,
 
 750 So.2d 633, 636 (Fla.1999)) (finding that arbitration provisions are contractual in nature and thus, a matter of contract interpretation). Accordingly, a court must look to the intent of the parties as manifested in the contract to determine whether an arbitration clause compels arbitration.
 
 O’Keefe Architects, Inc. v. CED Constr. Partners, Ltd.,
 
 944 So.2d 181, 185 (2006).
 

 In this case, the arbitration clause provided, in pertinent part:
 

 [t]he
 
 parties
 
 firmly desire to resolve all disputes without resort to litigation.... Accordingly, any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by the American Arbitration Association and judgment on the award shall be binding on the
 
 parties.
 

 (emphasis added). Although the arbitration clause explicitly states that it only binds the “parties,” the term “parties” is not defined anywhere in the PSA. Accordingly, we must look to the other parts of the PSA to ascertain the meaning of the term.
 

 The third-party beneficiary clause is instructive on the issue. It provides that “[njothing contained herein or in the parties [sic] course of dealings shall be construed as conferring any third-party beneficiary status on
 
 any person not a party to this Agreement including without limitation any Contractor’s Representative.”
 
 This language shows that the Contractor’s Representatives do not fall within the meaning of the term “parties.” Pursuant to Schedule One to Addendum Two of the PSA, Sitarik is a Contractor’s Representative. Accordingly, the arbitration clause does not apply to Sitarik because he is not a “party” to the PSA.
 

 Moreover, the PSA provides that it was entered into by and between JFK (Facility) and Sheridan (Contractor). After identifying the Facility and the Contractor, the PSA provides, “This agreement is entered into for the purpose of defining the parties [sic] respective rights
 
 *579
 
 and responsibilities.” In addition, the contract repeatedly refers to “either,” “neither,” or “each” party, confirming that there are two parties to the PSA — the Facility and the Contractor. While Addendum Five provides that it is by and between Sitarik and JFK and Sheridan, it expressly limits the PSA’s applicability by providing that the Contractor’s Representatives agree to be bound to the PSA “to the extent applicable.” Thus, by its express language, the addendum binds the Contractor’s Representatives only to certain aspects of the agreement, not to the entire agreement as the Defendants contend. Thus, it is clear from the other provisions of the PSA that the term “parties” unambiguously refers to the Facility and the Contractor.
 

 Addendum five also contemplated that the suit may be subject to resolution by court litigation rather than arbitration. Paragraph six provides,
 

 In the event any party brings
 
 an action
 
 against another party challenging the validity, or seeking to enforce or enjoin the enforcement of this Agreement, the prevailing party shall be entitled to recover against the other party its legal fees and costs incurred in connection with
 
 such action at the trial
 
 and appellate levels.
 

 This interpretation is in accordance with the rule of contract interpretation, which requires that a contract be construed against the drafter.
 
 See City of Homestead v. Johnson,
 
 760 So.2d 80, 84 (Fla.2000). In construing this ambiguous provision against the Defendants, we find that Sitarik was not bound by the arbitration clause.
 

 Because the arbitration clause does not apply to Sitarik, the trial court erred when it determined that there was a valid agreement to arbitrate and compelled arbitration. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 GROSS, C.J., and FARMER, J., concur.