MAY, J.
 

 The franchisor, Jewelry Repair Enterprises, Inc., directly appeals a non-final order determining that the franchisees, Dilshad Ajani and Noordin Ajani, are entitled to arbitration. The franchisor argues that the trial court erred in ordering arbitration because the arbitration provision in the contract did not apply to the non-compete provision of the agreement, which is the issue in dispute. We agree and reverse.
 

 The franchisor and franchisees executed a franchise agreement. Pursuant to the agreement, the franchisees agreed “not [to] be actively engaged in any jewelry sales or jewelry repair business other than the Franchised Business without the written consent of the Franchisor.” The agreement further provided that any breach shall constitute a default if the breach continues after ten days notification by the franchisor. In the event of a default by the franchisees, the franchisor may terminate the agreement upon written notice.
 

 Paragraph 13.1 provided that if the franchisor terminates the agreement and the termination is disputed by the franchisees, “the parties shall submit said dispute for binding arbitration.... ” However, the agreement excepts from the arbitration provision “claims related to noncompetition covenants [or] .... the obligations of the Franchisee upon termination or expiration of this Franchise Agreement.” (emphasis added).
 

 The franchisor learned that the franchisees were operating two jewelry repair enterprises that were in direct competition with its franchise. The franchisor sent a letter notifying the franchisees that their conduct constituted a breach of the agreement. The franchisees responded
 
 *833
 
 by letter, stating that they resigned as managers of the competing businesses. The letter further stated that the franchisees divested their interests in the competing businesses. Nevertheless, the franchisor alleged the competing stores were still under the franchisees’ control.
 

 The franchisor sent a second letter to the franchisees, stating that they remained in default and the stores must be closed. Thereafter, the franchisor sent a notice of termination to the franchisees. The notice included the franchisees’ post-term obligations, including the obligation to vacate the premises within ten days and discontinue use of the franchisor’s marks. The franchisor claims that the franchisees failed to comply with the post-term obligations.
 

 The franchisor fried a complaint for breach of contract, seeking declaratory and injunctive relief. The franchisees moved to dismiss, invoking the right to arbitrate under the agreement. The franchisees did not quote the entire arbitration provision, they referred only to the provision stating: “If this Franchise Agreement shall be terminated by Franchisor and Franchisee shall dispute Franchisor’s right of termination, the parties shall submit said dispute for binding arbitration....”
 

 After a hearing on the motion to dismiss, the trial court stayed the action pending arbitration. The franchisor fried a petition for writ of certiorari. We treated the petition as a notice of non-final appeal, pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv).
 

 “A trial court’s order compelling arbitration based on its construction of an arbitration provision is reviewed de novo.”
 
 Sitarik v. JFK Med. Ctr. Ltd. P’ships,
 
 7 So.3d 576, 577-78 (Fla. 4th DCA 2009).
 

 “Arbitration clauses are construed according to basic contract interpretation principles.”
 
 BallenIsles Country Club, Inc. v. Dexter Realty,
 
 24 So.3d 649, 652 (Fla. 4th DCA 2009). “The plain language of the agreement containing the arbitration clause is the best evidence of the parties’ intent.”
 
 Id.
 

 Here, the plain and ordinary meaning of the arbitration provision excepts claims relating to the noncompetition covenants. It specifically provides the obligation to arbitrate is not binding upon “claims related to noncompetition covenants .... ” The franchisor’s complaint alleges that the notice of termination was sent to the franchisees because of the failure to cure breaches relating to operating competing businesses. The plain language reflects that the parties did not intend for this dispute to be arbitrated.
 
 See Citigroup, Inc. v. Amodio,
 
 894 So.2d 296, 299 (Fla. 4th DCA 2005).
 

 For this reason, the trial court erred in staying the action and ordering arbitration. We reverse and remand the case for further proceedings consistent with this opinion.
 

 Reversed and Remanded.
 

 GROSS, C.J., and CIKLIN, J., concur.