DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AARON SUDBURY, M.D.,** and **FLORIDA WOMAN CARE, LLC,**
Appellants,

v.

**KENNETH KONSKER, M.D.,**
Appellee.

No. 4D2025-1181

_____

**UNIFIED WOMEN'S HEALTHCARE, LP, KATHY KRAAY,** and
**GENEVIEVE ROBERTS,**
Appellants,

v.

**KENNETH KONSKER, M.D.,**
Appellee.

No. 4D2025-1182

[March 4, 2026]

Consolidated appeals of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Kerner, Judge; L.T. Case No. 502024CA006831XXXAMB.

Alyssa Lynn Cory, Erik R. Matheney, and S. Elizabeth King of Shutts & Bowen LLP, Tampa, for appellants Aaron Sudbury, M.D., and Florida Woman Care, LLC.

Christopher Noel Bellows and Chazz Thomas Freeman of Holland & Knight LLP, Miami, and Matthew Z. Zimmerman, Seth Jason Welner, and Jeffrey M. Schacknow of Holland & Knight LLP, West Palm Beach, for appellants Unified Women's Healthcare, LP, Kathy Kraay, and Genevieve Roberts.

Thomas U. Graner of Graner Platzek & Allison, P.A., Boca Raton, for appellee Kenneth Konsker, M.D.

PER CURIAM.

We previously consolidated both appeals to be handled by the same panel. Because of the similarities of the issues in both appeals, the panel has decided that both appeals can be resolved with one opinion.

The defendants appeal the order denying their motions to compel arbitration of the plaintiff's claims pursuant to arbitration clauses in two contracts. The underlying suit is an employee discharge tort case. We agree with the defendants that the trial court erred in ruling that the arbitration clauses are fatally ambiguous and that the plaintiff's tort claims are not arbitrable. We also reject the plaintiff's argument that he is not bound by one of the arbitration clauses. We therefore reverse the trial court's order and remand with instructions to compel arbitration.

## Background

The plaintiff, Dr. Kenneth Konsker, co-founded Florida Woman Care, LLC ("FWC") in 2009. FWC operates a network of women's health care centers throughout Florida, including the center which Dr. Konsker formerly owned, where he practiced as an obstetrician and gynecologist. In 2017, Dr. Konsker and his business partner sold their interests in FWC to various private equity groups.

The private equity groups restructured the company. Each care center's individual owner was given an option to transfer their ownership interests to FWC and become a "physician member" of the company, contracted as an employee. FWC, in turn, sold its non-professional assets to Unified Women's Healthcare ("Unified") and hired Unified to provide non-clinical management services to the care centers within its network. Each physician member remained responsible for the clinical management of their care center and was entitled to share in its profits.

Dr. Konsker exercised the option to give up his ownership interests in his care center and become a physician member/employee of FWC. Three contracts involving FWC, Unified, and Dr. Konsker are relevant here: (1) the asset purchase agreement between Unified and FWC; (2) the management services agreement between Unified and FWC; and (3) the employment agreement between FWC and Dr. Konsker.

The asset purchase agreement provided for Unified's purchase of FWC's non-professional assets. That contract states the parties' complete agreement comprises the asset purchase agreement itself along with various documents which FWC was required to deliver at closing. Those

2

documents included the management services agreement signed by FWC and a letter of transmittal signed by the "pivoting owner" of each care center. Dr. Konsker signed a letter of transmittal acknowledging that he was becoming a party to the asset purchase agreement as a pivoting owner and was bound by its terms.

In the management services agreement, Unified agreed to provide non-clinical management services to the care centers within FWC's network. That agreement contains an arbitration clause, which states that "all controversies, claims and disputes arising from or related to this Agreement will be resolved by final and binding arbitration before a single neutral arbitrator located in Palm Beach County Florida, conducted under the applicable rules of the American Arbitration Association."

The employment agreement governed Dr. Konsker's new role as a physician member of FWC. That agreement contains both a venue clause and an arbitration clause. The venue clause states that "[a]ny action or claim arising from, under or pursuant to this Agreement shall be brought in the courts, state or federal, within [Florida] . . . ." The arbitration clause states that "any controversy or claim arising out of or related to this Agreement, or any breach thereof, shall be settled by arbitration in Palm Beach County, Florida, in accordance with the rules and procedures . . . established by the Alternative Dispute Resolution Service of the American Health Lawyers Association . . . ." The arbitration clause contains carve-outs for certain terms of the agreement related to confidentiality, non-competition, and non-solicitation restrictions.

About five years after the restructuring, disputes arose between Dr. Konsker and the leadership of FWC and Unified. Dr. Konsker alleges that FWC and Unified attempted to orchestrate his termination by deliberately underfunding the expansion of his practice and by conducting a baseless human resources investigation. He was ultimately terminated without cause. He alleges that, following his termination, employees of FWC and Unified made defamatory statements about him to colleagues and patients, improperly prevented him from communicating with his patients, and misappropriated funds in his profit-share account.

Dr. Konsker filed a circuit court complaint against FWC, Unified, and individual defendants associated with each company. He alleged counts for defamation, tortious interference with business relationships, civil conspiracy, and conversion.

The defendants moved to compel arbitration pursuant to the arbitration clauses in the management services agreement and the employment

agreement. In response, Dr. Konsker argued: (1) he is not bound by the arbitration clause in the management services agreement because he is not a party to the agreement; (2) the arbitration clause in the employment agreement is ambiguous because it conflicts with the venue clause in the same agreement; and (3) his tort claims are beyond the scope of both arbitration clauses.

The trial court denied the defendants' motions. The trial court ruled that the arbitration clauses are ambiguous in two respects: (1) the arbitration clause and the venue clause in the employment agreement are in conflict; and (2) the arbitration clauses in the employment agreement and management services agreement are different. Considering those ambiguities, the trial court ruled that it would revert to public policy favoring resolving disputes in court. The trial court also ruled that Dr. Konsker's claims are not arbitrable because the claims sound in tort rather than breach of contract. The trial court did not expressly address whether Dr. Konsker is bound by the arbitration clause in the management services agreement.

The defendants filed timely notices of appeal.

**Appellate Analysis**

We review the trial court's order denying the defendants' motions to compel arbitration de novo. *United Healthcare of Fla., Inc. v. N. Broward Hosp. Dist.*, 403 So. 3d 876, 878 (Fla. 4th DCA 2025) (citation omitted).

In ruling on a motion to compel arbitration, the trial court must consider three elements: whether (1) a valid written agreement to arbitrate exists; (2) an arbitrable issue exists; and (3) the right to compel arbitration has been waived. *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999). The first two elements are at issue in this case.

Regarding the first two elements, three issues are presented for our review: whether (1) Dr. Konsker is bound by the arbitration clause in the management services agreement; (2) the trial court erred in ruling that the arbitration clauses at issue are fatally ambiguous; and (3) the trial court erred in ruling that Dr. Konsker's claims are not arbitrable.

1. Enforceability of the Management Services Agreement

The first issue we address is whether Dr. Konsker is bound by the arbitration clause in the management services agreement between Unified and FWC. Generally, an arbitration clause cannot be enforced against a

non-party to the agreement. *See, e.g.*, *Sitarik v. JFK Med. Ctr. Ltd. P'ships*, 7 So. 3d 576, 578 (Fla. 4th DCA 2009).

However, Dr. Konsker is bound by the terms of the management services agreement, including the arbitration clause, because he signed the letter of transmittal acknowledging that he was becoming a party to the asset purchase agreement as a pivoting owner and was bound by the terms of the asset purchase agreement. The asset purchase agreement expressly incorporates the management services agreement as part of the parties' complete agreement. Thus, by becoming a party to the asset purchase agreement, Dr. Konsker expressed an intent to be bound by the terms of the management services agreement. *See Phoenix Motor Co. v. Desert Diamond Players Club, Inc.*, 144 So. 3d 694, 697 (Fla. 4th DCA 2014).

2. Ambiguities in the Arbitration Clauses

The second issue we address is whether the trial court erred in ruling that the arbitration clauses at issue are fatally ambiguous. The trial court ruled that the arbitration clauses are ambiguous in two respects: (1) the arbitration clause and the venue clause in the employment agreement are in conflict; and (2) the arbitration clauses in the employment agreement and management services agreement are different.

We determine the trial court erred in ruling that the arbitration clause and the venue clause in the employment agreement are in conflict, because the contract can be read in a way that gives meaning to both clauses. A general principle of contract interpretation is that courts "will not interpret a contract in such a way as to render clauses meaningless when there is a reasonable interpretation that does not do so"; instead, courts "must strive to interpret a contract in such a way as to give meaning to all clauses while doing violence to none." *Bethany Trace Owners' Ass'n, Inc. v. Whispering Lakes I, LLC*, 155 So. 3d 1188, 1191 (Fla. 2d DCA 2014) (citations omitted); *see also Harris v. School Bd. of Duval Cnty.*, 921 So. 2d 725, 733 (Fla. 1st DCA 2006) (stating that an ambiguity between two contractual clauses exists only where the clauses are "mutually repugnant").

The venue and arbitration clauses can easily be read together by interpreting the venue clause to apply only to disputes that are not submitted to arbitration. The venue clause does not require the parties to litigate all disputes arising out of the employment agreement; it merely designates the forum for any litigation that might occur. *See Hedden v. Z Oldco, LLC*, 301 So. 3d 1034, 1039 (Fla. 2d DCA 2019). The venue clause

5

applies most obviously to disputes that are expressly carved out from the arbitration clause, but it would also apply to cases where arbitration has been waived, where the claim at issue falls outside the scope of the arbitration clause, or where the dispute is ultimately resolved in arbitration but where some judicial action is necessary pre- or post-arbitration, including any litigation regarding arbitrability. *See, e.g.*, §§ 682.031(1), 682.12, 682.081, Fla. Stat. (2016); *Hedden*, 301 So. 3d at 1039.

The trial court also erred in ruling that the difference between the two arbitration clauses renders the clauses unenforceable without attempting to reconcile them. *See Kendall Imports, LLC v. Diaz*, 215 So. 3d 95, 101–02 (Fla. 3d DCA 2017) (stating that, when two arbitration clauses appear to be in conflict, the court must attempt to resolve the conflict so as to uphold the parties' agreement to arbitrate), *rev. denied*, No. SC2017-0792, 2017 WL 4161247 (Fla. Sep. 20, 2017); *see also Jackson v. Shakespeare Found., Inc.*, 108 So. 3d 587, 593 (Fla. 2013) (stating that arbitration clauses are generally favored, and courts must try to resolve any ambiguity in favor of arbitration).

The trial court ruled that the arbitration clauses are fatally ambiguous because the employment agreement requires the parties to arbitrate under the rules of the American Health Lawyers Association ("AHLA"), while the management services agreement requires the parties to arbitrate under the rules of the American Arbitration Association ("AAA"). However, neither the trial court nor Dr. Konsker identified any material difference between the two sets of rules.

The Third District considered a similar alleged conflict in *Kendall Imports*. In that case, one of the two arbitration clauses at issue required the parties to arbitrate "in accordance with" the Florida Arbitration Code ("FAC"), while the other clause stated that any arbitration would be "governed by" the Federal Arbitration Act ("FAA"). 215 So. 3d at 102–05. The trial court denied the defendants' motion to compel arbitration, ruling no valid agreement to arbitrate existed because this conflict, among others, showed no "meeting of the minds" regarding an agreement to arbitrate. *Id.* at 97–98. The Third District reversed, holding that the apparent conflict as to the governing rules did not justify invalidating the parties' agreement to arbitrate, because the plaintiffs had not identified any "relevant irreconcilable differences" between the FAC and the FAA. *Id.* at 106–07.

Here, like in *Kendall Imports*, a clear "meeting of the minds" occurred as to the agreement to arbitrate, and Dr. Konsker has not identified any

material irreconcilable conflict between the AHLA rules and the AAA rules that would justify rendering that agreement unenforceable.

### 3. Arbitrability of Dr. Konsker's Claims

The third and final issue we address is whether the trial court erred in ruling that Dr. Konsker's claims are not arbitrable. The trial court ruled that Dr. Konsker's claims are outside the scope of the arbitration clauses because those claims sound in tort rather than breach of contract claims.

Generally, the court, not the arbitrator, determines whether the claims at issue fall within the scope of an arbitration clause. *U.S. Fire Ins. Co. v. Am. Walks at Port St. Lucie, LLC*, 386 So. 3d 575, 580 (Fla. 4th DCA 2024). However, the parties can agree to delegate any questions of arbitrability to the arbitrator, in which case the court lacks the power to decide the issue. *Airbnb, Inc. v. Doe*, 336 So. 3d 698, 703–05 (Fla. 2022); *U.S. Fire*, 386 So. 3d at 580-81. Agreeing to arbitration rules that specifically empower the arbitrator to resolve questions of arbitrability is sufficient to "clearly and unmistakably" evidence the parties' intent to delegate the arbitrability issues to the arbitrator. *Airbnb*, 336 So. 3d at 704; *U.S. Fire*, 386 So. 3d at 580.

Here, the parties agreed to arbitrate under the AHLA rules in the employment agreement and the AAA rules in the management services agreement. Both sets of rules specifically empower the arbitrator to determine any issues of arbitrability—the AHLA rules in section 3.1, and the AAA rules in section 7(a). Thus, by agreeing to arbitrate under these rules, the parties clearly and unmistakably evidenced an intent to delegate any questions of arbitrability to the arbitrator, and the trial court lacked the authority to reach the issue. *Airbnb*, 336 So. 3d at 704–05; *U.S. Fire*, 386 So. 3d at 580-81.

We also note that, even if the trial court had the authority to decide this issue, the trial court erred in ruling that Dr. Konsker's claims are not arbitrable simply because those claims sound in tort rather than breach of contract. Both arbitration clauses require arbitration of claims "arising out of or related to" their respective agreements, and that language is broad enough to include a tort claim if a sufficient nexus exists between the claim and the contract. *See Jackson*, 108 So. 3d at 593. We express no opinion as to whether Dr. Konsker's claims have a sufficient nexus to the agreements at issue here.

**Conclusion**

In summary, we conclude that the trial court erred in denying the defendants' motions to compel arbitration because Dr. Konsker is bound by the arbitration clauses in the employment agreement and the management services agreement, the clauses are not fatally ambiguous, and the applicable arbitration rules call for the arbitrator to determine whether Dr. Konsker's claims are arbitrable. We therefore reverse the trial court's order and remand with instructions to compel arbitration.

*Reversed and remanded.*

CONNER, FORST and SHAW, JJ., concur.

*     *     *

***Not final until disposition of timely-filed motion for rehearing.***